UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA, )
)
         Plaintiff/Appellee, )
)   Case No. 11-1380
  v. )
)
DANIEL LEWIS LEE, )
)
        Defendant/Appellant. )

GOVERNMENT'S FOURTH UNOPPOSED MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO FILE ITS RESPONSE TO DEFENDANT'S MOTION TO EXPAND THE CERTIFICATE OF APPEALABILITY

Pursuant to Fed. R. App. P. 26(b), the United States, appellee in the above-captioned case, respectfully requests a 30-day extension of time, until November 21, 2011, to file its response to defendant's motion to expand the certificate of appealability. In support of this motion, the undersigned states as follows:

1.     The government's response is currently due for filing on October 21, 2011.  The government has previously obtained three 30-day extensions to file its response.

2.     After a jury trial in the United States District Court for the Eastern District of Arkansas, defendant was convicted of committing three murders in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), and of violating and conspiring to violate the Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. §§ 1962(c) & (d).  The jury returned a

Appellate Case: 11-1380   Page: 1   Date Filed: 10/13/2011 Entry ID: 3838943

verdict of death, and a death sentence was imposed. This Court affirmed. <u>See</u> <u>United States v. Lee</u>, 374 F.3d 637 (8th Cir. 2004). The Supreme Court denied certiorari on June 27, 2005. <u>See</u> <u>Lee v. United States</u>, 545 U.S. 1141 (2005).

3. On June 26, 2006, defendant filed a motion seeking collateral relief under 28 U.S.C. § 2255. On August 28, 2008, the district court denied defendant's motion in a 119-page opinion. On December 12, 2010, the district court denied defendant's motion under Federal Rule of Civil Procedure 59 to amend or correct the judgment and denied defendant a certificate of appealability as to all of the claims for relief in the Section 2255 motion. On February 9, 2011, defendant filed a motion seeking reconsideration of the district court's denial of a certificate of appealability. On March 9, 2011, the district court granted the motion in part and granted a certificate of appealability as to one issue raised in defendant's Section 2255 motion.

4. On March 10, 2011, this Court entered an order giving defendant 60 days to file a motion to expand the certificate of appealability. On June 20, 2011, after the Court granted defendant two extensions, defendant filed a 134-page motion to expand the certificate of appealability. The motion seeks a certificate of appealability as to 17 additional claims.

5. On June 21, 2011, this Court entered an order directing the government to file a response to defendant's motion to expand the certificate of appealability by July 21, 2011.

-2-

6.     The record in this case is extensive.  The guilt phase of the trial lasted from March 1 to May 4, 1999, and the penalty phase of defendant's trial lasted from May 11 to 14, 1999.  The government called over 170 witnesses, and the defense called over 40 witnesses.  Over 1200 exhibits were introduced into evidence.

7.     I did not represent the United States before the district court in this matter, or in prior appellate proceedings, and had no prior familiarity with this case before being assigned to prepare the government's brief in this appeal.

8.     I have made substantial progress in reviewing the record, conducting relevant research, and formulating the government's response to Lee's 134-page motion seeking to expand the certificate of appealability. However, additional time is required in order for the government to complete an adequate response to each of the 17 additional issues for which Lee seeks a certificate of appealability.

8.     Since last requesting an extension in this case, I have been required to devote a portion of my time to drafting the government's responses to the petitions for certiorari in United States v. Williams, No. 10-10842 (Sup. Ct.) (filed October 11, 2011) and Hardy v. United States, No. 11-6002 (Sup. Ct.) (due to be filed on October 26, 2011).

9.     I have contacted defendant's counsel, David Ruhnke, and he does

-3-

not oppose this extension request.

Wherefore, the United States respectfully requests that the Court grant this motion for an extension to November 21, 2011, to file the government's response to defendant's motion to expand the certificate of appealability.

Respectfully submitted,

 /s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

Date: October 13, 2011

-4-

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system on October 13, 2011.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

 /s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov