

**U.S. Department of Justice**

Criminal Division

*Washington, D.C. 20530*

April 25, 2013

Honorable Michael E. Gans
Clerk, U.S. Court of Appeals
 for the Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

> ### Re:    United States v. Daniel Lewis Lee, No. 11-1380

Dear Mr. Gans:

A panel composed of Judges Murphy, Smith, and Gruender heard argument in the above-captioned case on March 13, 2013. The government submits this letter under Fed. R. App. P. 28(j), to advise the Court of recent pertinent authority.

Defendant Daniel Lee appeals from the district court's denial of postconviction relief under 28 U.S.C. § 2255. As relevant here, Lee claims that he received ineffective assistance of counsel because his lawyers exercised peremptory challenges on the basis of race. Under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant raising an ineffective assistance claim must generally show that his lawyer's performance was deficient and that he suffered prejudice. Lee has argued that he should not have to affirmatively show prejudice because his counsel's conduct amounted to structural error and therefore prejudice should be presumed. Lee Br. 27-31.

On April 22, 2013, this Court issued its decision in *United States v. Kehoe*, No. 11-1382, 2013 WL 1707338 (8th Cir. Apr. 22, 2013) (attached). The defendant in that case, Chevie Kehoe, was Lee's jointly-tried co-defendant and, like Lee, claimed that he received ineffective assistance of counsel because his lawyers exercised peremptory challenges on the basis of race. Kehoe also argued, like Lee, that his lawyers' conduct amounted to structural error that was presumptively prejudicial. The Court rejected Kehoe's argument, concluding that under *Young v. Bowersox*, 161 F.3d 1159 (8th Cir. 1998), Kehoe was required to show that he suffered prejudice from his counsel's allegedly deficient performance. Op. 4-5. Because Kehoe failed to make that showing, the Court concluded that his ineffective assistance claim fell short. Op. 5-6.

The *Kehoe* decision confirms that Lee cannot rely on a presumption of prejudice and must affirmatively show that he suffered prejudice from his counsel's allegedly deficient performance during jury selection. For the reasons stated in the government's brief and at oral argument, Lee cannot make that showing, *see* Gov't Br. 39-43, and his ineffective assistance claim should therefore be rejected.

Respectfully submitted,

s/ John M. Pellettieri
John M. Pellettieri
U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Avenue, NW
Room 1264
Washington, DC 20530

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing letter with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system on April 25, 2013. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ John M. Pellettieri
John M. Pellettieri

2

# Attachment

# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-1382

_____

United States of America

*Plaintiff - Appellee*

v.

Chevie O'Brien Kehoe, also known as Jonathan Collins, also known as Chevie Collins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: November 15, 2012
Filed: April 22, 2013

_____

Before RILEY, Chief Judge, WOLLMAN and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Chevie Kehoe was convicted of one count of conducting the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c); one count of conspiring to conduct the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d); and three counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1). The

Appellate Case: 11-1382    Page: 1    Date Filed: 04/22/2013 Entry ID: 4027416

government sought the death penalty, but Kehoe was sentenced to life imprisonment without the possibility of release.  His conviction and sentence were affirmed on direct appeal.  United States v. Kehoe, 310 F.3d 579 (8th Cir. 2002), *cert. denied*, 538 U.S. 1048 (2003).  Kehoe sought habeas corpus relief under 28 U.S.C. § 2255, claiming, among other things, that he received ineffective assistance of counsel at trial.  The district court[1] denied his petition and denied a certificate of appealability.  Kehoe timely filed a notice of appeal and applied for a certificate of appealability.  We granted a certificate of appealability on the question whether Kehoe received ineffective assistance of counsel under the Sixth Amendment because his trial counsel exercised peremptory challenges based on race.  We now affirm.

I.

The facts of Kehoe's underlying conviction are set forth fully in our opinion addressing Kehoe's direct appeal.  See Kehoe, 310 F.3d at 583-85.  Following are the facts relevant to the habeas appeal now before us.  Kehoe and Daniel Lee were members of a white supremacist organization who robbed and murdered William and Nancy Mueller and their daughter Sarah Powell.  Kehoe and Lee were eventually apprehended and indicted on several charges, including three counts of murder.

At Kehoe's and Lee's joint trial, defense counsel were granted thirty peremptory strikes.  After consulting a jury expert, defense counsel made a strategic decision to select a jury with as many African-American jurors as possible.  Kehoe's trial counsel believed that this was a reasonable strategy because "(1) blacks are more likely than whites to discredit government testimony, (2) research of attitudes indicates that blacks are generally less likely to give the death penalty, and (3) it was felt that blacks were less likely to give the death penalty than whites in this particular

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

-2-

case." Appellant's App. 402, Trial Counsel Aff. ¶ 4. Defense counsel used all thirty peremptory strikes on Caucasian venire members. The strategy resulted in a jury composed of nine African-American and three Caucasian jurors, with three African-American and three Caucasian alternate jurors.

Although the government did not raise a McCollum[2] objection, it did point out that defense counsel struck only Caucasian venire members. The district court noted that a formal objection had not been made and it was not going to "get into a whole thing of having [defendants] justify every white strike." Appellant's App. 477-78. Kehoe did not raise a McCollum-based claim on direct appeal.

Following our affirmance of his conviction, Kehoe filed a motion to vacate or set aside his sentence under 28 U.S.C. § 2255, arguing that his trial counsel provided ineffective assistance by engaging in a racially discriminatory strategy to seat as many African-American jurors as possible. The district court denied relief, holding that Kehoe had failed to demonstrate that his trial counsel's jury selection strategy fell below an objective standard of reasonableness or that Kehoe suffered prejudice from his trial counsel's actions. Following the district court's denial of Kehoe's motion for a certificate of appealability, we granted the certificate described above.

II.

We review *de novo* the denial of a § 2255 motion and review any underlying factual findings for clear error. Davis v. United States, 673 F.3d 849, 852 (8th Cir. 2012). Kehoe's claim is governed by Strickland v. Washington, 466 U.S. 668 (1984). Ordinarily, to prevail under Strickland, a petitioner must demonstrate that his trial

---

[2]Georgia v. McCollum, 505 U.S. 42 (1992) (holding that the Equal Protection Clause prohibits a criminal defendant from using peremptory challenges to exclude jurors on the basis of race).

-3-

counsel's representation "fell below an objective standard of reasonableness[,]" id. at 688, and that the deficient representation was prejudicial to the defense, id. at 692. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. "Failure to establish either Strickland prong is fatal to an ineffective-assistance claim." Worthington v. Roper, 631 F.3d 487, 498 (8th Cir. 2011). Thus, we need not "address the performance prong if petitioner does not affirmatively prove prejudice." Boysiewick v. Schriro, 179 F.3d 616, 620 (8th Cir. 1999).

Assuming without deciding that Kehoe can satisfy Strickland's performance prong, we proceed directly to the analysis of prejudice. Prejudice, under Strickland, is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "In articulating the prejudice component of the Strickland analysis, the Supreme Court provided that in certain circumstances the requisite showing of prejudice may be presumed due to the nature of the deficient performance." McGurk v. Stenberg, 163 F.3d 470, 473 (8th Cir. 1998).

Kehoe contends that prejudice should be presumed because his trial counsel's decision to purposefully strike only Caucasian venire members in violation of McCollum was a "structural error." The government disagrees, contending that this issue is controlled by our decision in Young v. Bowersox, 161 F.3d 1159 (8th Cir. 1998).

In Young, this court rejected the argument that an ineffective assistance of counsel claim premised on a Batson[3] error should be considered "structural error"

---

[3]Batson v. Kentucky, 476 U.S. 79 (1986) (holding that the Equal Protection Clause prohibits the government from using peremptory challenges to exclude jurors

-4-

entitled to a presumption of prejudice. Instead, we held that to succeed on such a claim, Young had to demonstrate a reasonable probability that the results of the proceeding would have been different. Id. at 1160-61. Although Young addressed an error related to a Batson violation, there is no relevant distinction between the argument rejected in Young and the one currently raised by Kehoe. Accordingly, we conclude that the holding of Young must apply with equal force to a claim premised on a McCollum violation and that the present case is controlled by Young.

In light of our decision in Young, Kehoe must demonstrate that he suffered prejudice as a result of his trial counsel's McCollum violation. Absent from Kehoe's briefs is any argument seeking to demonstrate Strickland prejudice. When pressed at oral argument, Kehoe's appellate counsel argued that the prejudice consisted of Kehoe's being effectively left without counsel during the jury selection process.

This is not a demonstration of prejudice, but rather an attempt to have prejudice presumed. In United States v. Cronic, 466 U.S. 648 (1984), the Supreme Court recognized "that a trial is unfair if the accused is denied counsel at a critical stage of his trial[,]" id. at 659, and that such a situation is "so likely to prejudice the accused that the cost of litigating [its] effect in a particular case is unjustified[,]" id. at 658. Accordingly, "[p]rejudice is not required to be shown if 'counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding.'" Raymond v. Weber, 552 F.3d 680, 684 (8th Cir. 2009) (quoting Cronic, 466 U.S. at 659 n.25).

We addressed an argument similar to Kehoe's in White v. Luebbers, 307 F.3d 722, 729 (8th Cir. 2002). In White, White argued that he was entitled to a presumption of prejudice because he effectively was left without counsel during voir dire when his trial counsel "failed to ask a single question of twenty-four potential

_____

on the basis of race).

-5-

jurors who were removed for cause because they had expressed reservations about the death penalty." Id. at 729. White argued that "[v]oir dire is an essential part of any trial, . . . and [that] . . . his lawyer was guilty of total default" because the lawyer essentially made the "decision not to participate in voir dire at all[.]" Id. at 727. We recognized that voir dire is a "critical stage" of a trial, but held that "[c]ounsel was not denied entirely, nor was the assistance of counsel denied entirely during a critical stage of the proceeding. . . . [P]etitioner did have counsel, and counsel proceeded on the basis of his own professional judgment, even though misguided." Id. at 729. Thus, we held that White was not entitled to a presumption of prejudice under Cronic. Id.

Similarly, Kehoe was not denied counsel entirely, nor was the assistance of counsel denied entirely during a critical stage of the proceeding. Kehoe's trial counsel was present and active during voir dire. Although trial counsel's strategy may have been misguided, it cannot be said that it denied entirely Kehoe the assistance of counsel during voir dire, and Kehoe is thus not entitled to the presumption of prejudice established in Cronic.

Because Kehoe is not entitled to a presumption of prejudice under our decision in Young, and he has not attempted to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" Strickland, 466 U.S. at 694, his claim for ineffective assistance of counsel fails.

In so holding, we recognize that in Ford v. Norris, 67 F.3d 162, 171 (8th Cir. 1995), a pre-Batson case, we held that the state's selection of jurors in a racially discriminatory manner constituted a structural defect in the trial mechanism that was not amenable to a harmless error analysis. Likewise, in McGurk v. Stenberg, *supra*, we held that counsel's failure to inform his client of his right to a jury trial was a structural error that "justifie[d] a presumption of prejudice[,]" 163 F.3d at 474,

-6-

analogizing it to, among other examples, the prosecution's exercise of intentional race discrimination in the selection of the grand jury, id. at 475 (citing Vasquez v. Hillery, 474 U.S. 254, 263-64 (1986)).

Notwithstanding Ford and McGurk, whether defense counsel's decision to select the jury in a racially discriminatory manner should result in a presumption of prejudice is a question that is foreclosed by our holding in Young.[4]

III.

The order dismissing the petition for habeas corpus relief is affirmed.

_____

---

[4]We note that the Seventh Circuit has adopted Kehoe's position, Winston v. Boatwright, 649 F.3d 618, 632-34 (7th Cir. 2011) (holding that prejudice is presumed for purposes of Strickland when defense counsel selects a petit jury in an unconstitutionally discriminatory manner), and that a panel of the Eleventh Circuit also has acknowledged the "troubling application of the Strickland prejudice prong to Batson-type claims," Eagle v. Linahan, 279 F.3d 926, 943-44 n.22 (11th Cir. 2001). But see Jackson v. Herring, 42 F.3d 1350, 1359-62 (11th Cir. 1995) (requiring in a pre-Batson case that a petitioner demonstrate Strickland prejudice to succeed on her claim that her counsel was ineffective for failing to object to the racially discriminatory selection of the petit jury).