# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No. 11-1380

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | Appeal from the United States |
| | ) | District Court for the |
| Respondent-Appellee, | ) | Eastern District of Arkansas |
| | ) | No. 4:97-cr-00243-JLH-2 |
| vs. | ) | |
| | ) | Hon. G. Thomas Eisele, Judge |
| | ) | |
| **DANIEL LEWIS LEE**, | ) | |
| | ) | |
| Petitioner-Appellant. | ) | |

## PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

KARL SCHWARTZ
JENNIFER MERRIGAN
Assistant Federal Defenders
Capital Habeas Unit
Delaware Federal Defender Office
800 King Street, Suite 200
Wilmington, DE 19801
(302) 442-6550
karl_schwartz@fd.org


ATTORNEYS FOR APPELLANT

# TABLE OF CONTENTS

**REASONS FOR GRANTING REHEARING AND SUGGESTION FOR REHEARING *EN BANC*** ...................................................................................1

**SUMMARY OF THE CASE AND FACTS**........................................................1

**1.  *En Banc* Rehearing Should Be Granted to Resolve Circuit Conflicts.**.........5

**2.  The Panel Avoided The Federal Statute's Presumption in Favor of a Hearing and This Court's Evidentiary Development Precedent.** ...............10

**CONCLUSION**..................................................................................15

**CERTIFICATE OF SERVICE** .........................................................16

i

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Hardy,* 478 U.S. 255, 258-61.................................................................4

*Arizona v. Fulminante,* 499 U.S. 299, 310 ............................................................10

*Batson v. Kentucky*, 476 U.S. 79, 89.................................................................. passim

*Bell v. Jarvis,* 236 F.3d 149, 165 .......................................................................7

*Bloomer v. United States,* 162 F.3d 187, 194 ......................................................7

*Cassell v. Texas*, 339 U.S. 282, 283-84 ..............................................................6

*Cody v. Hillard*, 139 F.3d 1197, 1200 ................................................................15

*Cooper v. Aaron,* 358 U.S. 1, 9-13 ....................................................................14

*Davis v. United States*, 411 U.S. 233 ..................................................................4

*Duren v. Missouri,* 439 U.S. 357, 368-69............................................................5

*Eagle v. Linahan,* 279 F.3d 926, 943-44 n. 22 ....................................................8

*Estes v. United States*, 883 F.2d 645, 649...........................................................1, 11

*Ford v. Norris,* 67 F.3d 162, 171 .......................................................................5

*Georgia v. McCollum*, 505 U.S. 42, 54-55 .......................................................... passim

*Grutter v. Bollinger*, 539 U.S. 306, 333 .............................................................12

*Henley v. Brown*, 686 F.3d 634, 644....................................................................15

*J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 140.................................................5

*Johnson v. Sherry,* 586 F.3d 439, 447 .................................................................8

Appellate Case: 11-1380     Page: 3     Date Filed: 09/27/2013 Entry ID: 4080431

*Johnson v. United States,* 520 U.S. 461, 469 .........................................................9

*Kingsberry v. United States*, 202 F.3d 1030 ......................................................1, 10

*Lafarge North America, Inc. v. Discovery Group L.L.C.*, 574 F.3d 973, 983 n.4...15

*Mata v. Johnson,* 99 F.3d 1261 ...........................................................................4

*McGurk v. Stenberg*, 163 F.3d 470 ............................................................. 1, 7, 10

*Miller v. Dormire*, 310 F.3d 600 ................................................................. 1, 7, 10

*Neder v. United States*, 527 U.S. 1, 8-9 ...............................................................8

*Nelson v. United States*, 297 F. App'x 563 ............................................... 1, 10, 11

*Owens v. United States,* 483 F.3d 48, 65 ..............................................................7

*Powers v. Ohio*, 499 U.S. 400, 411 .......................................................................5

*Puckett v. United States,* 556 U.S. 129 .................................................................3

*Purvis v. Crosby,* 451 F.3d 754, 742 .....................................................................8

*Rivera v. Illinois,* 556 U.S. 148, 160-161 ...................................................... 4, 6, 8

*Rose v. Clark,* 478 U.S. 570, 577 .........................................................................8

*Rose v. Mitchell*, 443 U.S. 545, 556 ......................................................................5

*Saunders v. United States*, 236 F.3d 950 ........................................................1, 10

*Sinisterra v. United States*, 600 F.3d 900 .......................................................1, 11

*Strickland v. Washington, 466 U.S. 668* ...................................................... passim

*Styers v. Shiro,* 547 F.3d 1026, 1030 n. 5 ...........................................................8

*Sullivan v. Louisiana,* 508 U.S. 275, 281 ............................................................9

Appellate Case: 11-1380   Page: 4   Date Filed: 09/27/2013 Entry ID: 4080431

*Taylor v. Louisiana*, 419 U.S. 522, 526, 537-39 ......................................................6

*Turner v. Murray*, 476 U.S. 28, 35 ......................................................... 11, 12

*United States v. Huey,* 76 F.3d 638, 641-42 ......................................................6

*United States v. Marcus,* 560 U.S. 258 ......................................................3

*United States v. Unger*, 665 F.2d 251 ......................................................1, 10

*Vasquez v. Hillery*, 474 U.S. 254, 263-64......................................................5, 9

*Virgil v. Dretke,* 598 F.3d 598, 607 ......................................................8

*Winston v. Boatwright,* 649 F.3d 618, 632 ......................................................8

*Young v. Bowersox,* 161F.3d 1159......................................................2, 6

**Statutes**

28 U.S.C. § 2255(b) ......................................................1

Fed. R. Civ. P. 62.1 ......................................................1

FRAP 35(b) ......................................................1

FRAP 35(b)(1)(b)......................................................7

FRAP 40......................................................1

FRAP 40(a)(4)(B) ......................................................10

**Other Authorities**

Bates, Daisey. *The Long Shadow of Little Rock: A Memoir*, New York: David McKay Company, Inc., 1962......................................................17

Appellate Case: 11-1380     Page: 5     Date Filed: 09/27/2013 Entry ID: 4080431

## REASONS FOR GRANTING REHEARING AND SUGGESTION FOR REHEARING *EN BANC*[1]

Pursuant to FRAP 35(b) and 40, undersigned counsel hereby state that rehearing or rehearing *en banc* review is warranted because:

1.     The Panel opinion conflicts with:

a.     Panel decisions of this Court in *McGurk v. Stenberg*, 163 F.3d 470 (8th Cir. 1998), and *Miller v. Dormire*, 310 F.3d 600 (8th Cir. 2002), holding that ineffective assistance of counsel which results in structural error mandates reversal without the showing of prejudice typically required by *Strickland v. Washington,* 466 U.S. 668 (1984).

b.     28 U.S.C. § 2255(b), and this  Court's holdings in *Saunders v. United States*, 236 F.3d 950 (8th Cir. 2001), *Kingsberry v. United States*, 202 F.3d 1030 (8th Cir. 2000), *United States v. Unger*, 665 F.2d 251 (8th Cir. 1981), *Nelson v. United States*, 297 F. App'x 563 (8th Cir. 2008), *Sinisterra v. United States*, 600 F.3d 900 (8th Cir. 2010), and *Estes v. United States*, 883 F.2d 645, 649 (8th Cir. 1989), as they relate to the presumption in favor of granting evidentiary hearings when there exist contested issues of fact.

2.     The instant proceeding presents a question of exceptional importance:

The Panel Opinion conflicts with the authoritative decisions of other United States Courts of Appeals, which presume prejudice when counsel's ineffectiveness results in structural error.

## SUMMARY OF THE CASE AND FACTS

The jury that convicted and sentenced Appellant to death was the product of defense counsel's conscious racial discrimination. Thirty white jurors were struck

---

[1] Appellant has concurrently filed a Motion to Stay, respectfully requesting that this Court stay consideration of the instant Petition pending the District Court's action on Appellant's Motion filed pursuant to Fed. R. Civ. P. 62.1.

Appellate Case: 11-1380     Page: 6     Date Filed: 09/27/2013 Entry ID: 4080431

because of the color of their skin.[2] Trial counsel utilized every available peremptory strike with discriminatory intent.

Trial counsel admitted that they discriminated against white jurors based on the racial stereotype that African-Americans distrust the Government. Counsel engaged in this discriminatory practice even though Appellant's body was emblazoned with racially offensive tattoos, some of which were clearly visible, others of which were displayed in photographs during the trial. In short, trial counsel engaged in a conscious pattern of discrimination to seat a jury composed of the individuals who were the target of Appellant's repugnant racial views. Counsel's course was beyond the pale of effective advocacy, has no place in the judicial process, and should not be accepted by this Court in any case, let alone a case where the consequence is a defendant's execution. Under Supreme Court case law it constituted structural error.

The Panel, by requiring Appellant to demonstrate *Strickland* prejudice, adhered to this Court's holding in *Young v. Bowersox,* 161F.3d 1159 (8th Cir. 1998), but contradicted the holdings in *McGurk* and *Miller.* There is, accordingly, a conflict within this Circuit which this Court now has the opportunity to resolve.

---

[2] Appellant and his co-defendant Chevie Kehoe shared the same jury for both the culpability and penalty phases. While Kehoe was the more culpable actor by everyone's account, including the Government's, Kehoe received a life sentence while Appellant received a death sentence. Both Appellant and Kehoe pursued the *McCollum* issue in § 2255 proceedings.

Appellate Case: 11-1380     Page: 7     Date Filed: 09/27/2013 Entry ID: 4080431

There is also a conflict among the Circuits. This Court should weigh in with one voice as to whether or not a petitioner must demonstrate *Strickland* prejudice when the error resulting from trial counsel's ineffectiveness is structural.

Appellant recognizes that this Court denied panel reconsideration of its decision in co-defendant Kehoe's appeal raising this issue. *United States v. Chevie Kehoe,* No. 11-1382 (August 13, 2013). The *Kehoe* denial however, should not dissuade this Court from granting *en banc* reconsideration herein, based on the following[3]: First, the Government argued waiver in response to Mr. Kehoe's Petition for Rehearing. *See* Government Response (Entry ID 4054178) (hereafter "GR") at 7. In contrast, all of Appellant's arguments herein were preserved. Second, the Government made a number of problematic arguments that warrant response, including, but not limited to:

- conflating an underlying right to counsel claim, which does not always constitute structural error, with the standard for certain underlying constitutional violations that are *always* structural, when reached through a *Strickland* claim. GR at 6-7;

- citing *Puckett v. United States,* 556 U.S. 129 (2009) incorrectly for the proposition that unpreserved structural errors, even when raised on direct appeal, do not require automatic reversal. GR at 8 n.2. *Puckett* specifically declined to reach that question, *id.* at 140-41, and following *Puckett,* the Supreme Court "noted the possibility" that unpreserved structural errors would warrant automatic reversal. *United States v. Marcus,* 560 U.S. 258, ___ , 130 S. Ct. 2159, 2164 (2010);

---

[3] These points are not intended as merits briefing on these issues, but rather to convince this Court that the question warrants resubmission to allow these issues to be fully addressed.

3

- citing inapposite pre-*Strickland* cases (*Francis v. Henderson*, 425 U.S. 536 (1976); *Davis v. United States*, 411 U.S. 233 (1973)), in which "cause" was not established and deficient performance never addressed. GR at 10;

- citing *Batson's* lack of impact on fact-finding, identified in *Allen v. Hardy,* 478 U.S. 255, 258-61 (1986), as relevant to a *retroactivity* analysis, GR at 11, but which, by its very nature, is irrelevant to a structural error analysis;

- attempting to draw a constitutional distinction between *McCollum* error and *Batson* error, despite a contrary directive from *McCollum,* 505 U.S. at 59, and despite the Supreme Court's application of automatic reversal to "*Batson*-related precedents." *Rivera v. Illinois,* 556 U.S. 148, 160 (2009);

- In its attempt to draw a distinction between *Batson* and *McCollum*, citing *Mata v. Johnson,* 99 F.3d 1261 (5th Cir. 1996), which declined to follow Fifth Circuit precedent (*United States v. Huey*, 76 F.3d 638 (5th Cir. 1996), holding that *McCollum* error required automatic reversal. The Government did not, however, mention the *Mata* Court's principal rationale, i.e., that the trial was pre-*Batson* and defense counsel's racist conduct was seen as an "anachronism . . . virtually certain never to be repeated." *Id.* at 1271.

Even assuming that *Strickland* prejudice must be proved, the Panel deprived Appellant of his opportunity to establish prejudice. Despite this Court's long-standing presumption in the § 2255 context that a hearing should occur prior to making the fact-intensive determination that there was no prejudice, no hearing was ever conducted below. Instead, the Panel ruled that Appellant failed to prove that he was prejudiced by counsel's conduct, despite the fact that he was never given the opportunity to make such a showing. The Panel issued its ruling in the complete absence of a post-conviction evidentiary record and without discussing Appellant's request for a remand for evidentiary development.

4

**1. *En Banc* Rehearing Should Be Granted to Resolve Circuit Conflicts.**

There is no dispute that a constitutional violation occurred at Appellant's trial. The Panel aptly described counsel's "jury selection strategy" as "race based." *Lee,* 715 F.3d at 223. The Equal Protection Clause – as embodied in the Due Process Clause of the Fifth Amendment – bars the use of peremptory challenges based on race. "[R]acial discrimination in the selection of jurors 'casts doubt on the integrity of the judicial process'[] and places the fairness of the criminal proceeding in doubt." *Powers v. Ohio*, 499 U.S. 400, 411 (1991) (quoting *Rose v. Mitchell*, 443 U.S. 545, 556 (1979)). The prohibition on racial discrimination protects the rights of defendants, the rights of excluded jurors, and the integrity of the criminal justice system, *Batson v. Kentucky*, 476 U.S. 79, 89 (1986), and extends to defense challenges. *Georgia v. McCollum*, 505 U.S. 42, 54-55 (1992).

It is also settled "that a constitutional violation involving the selection of jurors in a racially discriminatory manner is a "'structural defect'. . . ." *Ford v. Norris,* 67 F.3d 162, 171 (8th Cir. 1995). This Court's ruling in *Ford* followed a long line of Supreme Court precedent treating errors that affect the composition of venire, grand juries, and petit juries as structural. *See J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 140 (1994) (petit jury); *Batson v. Kentucky,* 476 U.S. 79, 90, (1986) (petit jury); *Vasquez v. Hillery*, 474 U.S. 254, 263-64 (1986) (grand jury); *Duren v. Missouri,* 439 U.S. 357, 368-69 (1979) (venire); *Taylor v. Louisiana*, 419

Appellate Case: 11-1380    Page: 10    Date Filed: 09/27/2013 Entry ID: 4080431

U.S. 522, 526, 537-39 (1975) (venire); *Cassell v. Texas*, 339 U.S. 282, 283-84 (1950) (grand jury). In *Rivera v. Illinois,* 556 U.S. 148, 160-161 (2009), the Supreme Court reaffirmed that racial discrimination in jury selection is a structural defect, in language applicable to *McCollum* error. *See id.* (describing one class of automatic reversal precedents as the "set of cases involv[ing] constitutional errors concerning the qualifications of the jury"). *See also United States v. Huey,* 76 F.3d 638, 641-42 (5th Cir. 1996) (reversal based on *McCollum* error, without specific finding of prejudice, because "discriminatory jury selection process [] offends the Constitution and calls into question the integrity of our judicial system.").

The Panel's determination that Appellant was required to prove prejudice in this case warrants reconsideration for several reasons. First, in its opinion the Panel cited to the panel opinion in *United States v. Kehoe,* 712 F.3d 1251 (8th Cir. 2013), as holding that "a *McCollum* violation is not a structural error." *United States v. Lee,* 715 F.3d 215, 222 (8th Cir. 2013). The Panel, however, misapprehended *Kehoe's* holding. *Kehoe* did not hold that *McCollum* error is not structural; rather, it held that "the holding of *Young* [*v. Bowersox,* 161 F.3d 1159 (8th Cir. 1998)] must apply with equal force to a claim premised on a *McCollum* violation." *Kehoe,* 712 F.3d at 1253 (emphasis added). *Young,* in turn, did not hold that *Batson* error is not structural; such a holding would have been contrary to Supreme Court precedent. Rather, *Young* held that a *Strickland* claim, which is premised upon

6

counsel's failure to object to a *Batson* violation, requires a showing that the defendant was prejudiced as a result of the *Batson* violation.

Even more significantly, *Young*'s requirement that prejudice not be presumed even when deficient performance results in structural error, as applied by the Panel here, rests on little analytical footing and conflicts with subsequent Eighth Circuit precedents. *Young's* holding cannot be squared with this Court's decisions in *McGurk* or *Miller*. In *McGurk,* this Court stated, without equivocation, "that when counsel's deficient performance causes a structural error we will assume prejudice under *Strickland.*" *McGurk,* 163 F.3d at 475. Similarly, in *Miller,* this Court held that "*Strickland* prejudice is presumed" when the error resulting from counsel's deficient performance is structural. *Miller,* 310 F.3d at 603.

This inconsistency within the Eighth Circuit's precedents is a unique, distinct and compelling reason to grant *en banc* review. *En banc* review, pursuant to FRAP 35(b)(1)(b) is further warranted because the split in authority within this Circuit is reflected *among* the circuits. Six circuits – many since *Young* was decided – have held that *Strickland* prejudice is presumed when the error resulting from counsel's ineffectiveness is structural. *Owens v. United States,* 483 F.3d 48, 65 (1st Cir. 2007); *Bloomer v. United States,* 162 F.3d 187, 194 (2d Cir. 1998); *Bell v. Jarvis,* 236 F.3d 149, 165 (4th Cir. 2000) (*en banc*) (citing *McGurk* for the proposition that "the prejudice component of the Strickland analysis may be

7

presumed if the nature of the deficient performance is that of a structural error"); *Johnson v. Sherry,* 586 F.3d 439, 447 (6th Cir. 2009); *Winston v. Boatwright,* 649 F.3d 618, 632 (7th Cir. 2011); *Styers v. Shiro,* 547 F.3d 1026, 1030 n. 5 (9th Cir. 2008). Two circuits have held that it is not. *Virgil v. Dretke,* 598 F.3d 598, 607 (5th Cir. 2006); *Purvis v. Crosby,* 451 F.3d 754, 742 (11th Cir. 2006).

The Court should grant rehearing and reconsider this important question *en banc.* Structural errors "deprive defendants of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence." *Neder v. United States*, 527 U.S. 1, 8-9 (1999) (citations omitted). Structural errors "necessarily render a trial fundamentally unfair." *Rose v. Clark,* 478 U.S. 570, 577 (1986). This Circuit should determine if there is a principled reason to accord less weight to the imperatives of basic protections, the reliability of the trial process, and fundamental fairness, for a claim raised pursuant to *Strickland,* as opposed to one preserved at trial. Appellant contends that there is no principled reason to do so, and further that "public confidence in the fairness of our system of justice," which is undermined by a structural defect, *Rivera,* 556 U.S. at 161, is no *less* undermined when that defect is the result of *Strickland* error.

Here, as in *Kehoe*, the Panel noted the "troubling application of the *Strickland* prejudice prong to *Batson*-type claims" (quoting *Eagle v. Linahan,* 279 F.3d 926, 943-44 n. 22 (11th Cir. 1991) (discussing the unfairness of requiring a

8

Appellate Case: 11-1380    Page: 13    Date Filed: 09/27/2013    Entry ID: 4080431

petitioner to prove prejudice from improper jury selection). But the Panel considered itself bound by *Young*. *Lee,* 715 F.3d at 222. However, even before *Batson* was decided, the Supreme Court identified this concern (later raised in *Eagle*) as the rationale for presuming prejudice for this type of constitutional violation. In *Vasquez v. Hillery,* 474 U.S. 254, 263 (1986), the Court held that "when a petit jury has been selected upon improper criteria . . . we have required reversal of the conviction because the effect of the violation cannot be ascertained." *Id. McCollum* error fits squarely within this paradigm, which is one of the essential characteristics of a structural defect. *See also Sullivan v. Louisiana,* 508 U.S. 275, 281 (1993) ("a structural defect in the constitution of the trial mechanism . . . def[ies] analysis by harmless-error standards") (internal quotations and citations omitted). In *Vasquez* the Court also discussed the importance of protecting the "structural integrity of the criminal tribunal." 474 U.S. at 263-64. As with the reliability of the trial process, fundamental fairness, and public confidence in the administration of justice, the integrity of a proceeding is no less imperiled by discrimination in jury selection that is first raised in a *Strickland* claim, than jury discrimination that is objected to at trial.

Nor is there a practical necessity to apply a different standard to a *Strickland* claim. The Supreme Court has "found structural error only in a very limited class of cases." *Johnson v. United States,* 520 U.S. 461, 469 (1997). Thus, protecting

9

"the framework within which the process proceeds," *Arizona v. Fulminante,* 499 U.S. 299, 310 (1991), is well worth its very limited costs to finality.

Thus, in order to maintain uniformity of decisions and to consider the important questions this issue presents, this Court should grant rehearing and consider Appellant's case *en banc*. Further, although Appellant has referenced here some of the compelling reasons for adopting the position of the majority of the Circuits, and of this Circuit in *McGurk* and *Miller*, Appellant requests that he be permitted to resubmit, pursuant to FRAP 40(a)(4)(B), and fully brief the issue  if the Court grants rehearing *en banc*.

**2.    The Panel Avoided The Federal Statute's Presumption in Favor of a Hearing and This Court's Evidentiary Development Precedent.**

Despite Petitioner's timely requests, there has never been an evidentiary hearing held on this claim. This Court has stated that "[a]n evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish *conclusively* that the petitioner is not entitled to relief." *Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) (emphasis added); *United States v. Unger*, 665 F.2d 251, 254 (8th Cir. 1981) (same); *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001) (citing § 2255's liberal standard for an evidentiary hearing). This is especially the case when *Strickland* error is alleged. *See Nelson v. United States*, 297 F. App'x 563, 565 (8th Cir. 2008) ("Our cases teach that issues regarding the ineffectiveness of counsel often require a hearing to

10

consider evidence not disclosed on the face of the trial record."); *see also Sinisterra v. United States*, 600 F.3d 900, 908 (8th Cir. 2010) (remanding for evidentiary hearing for factual development of ineffectiveness claim); *Estes v. United States*, 883 F.2d 645, 649 (8th Cir. 1989) (same). In light of this liberal standard and the parties' agreement that a constitutional violation occurred here, reconsideration is warranted.

The Panel opinion never addressed Appellant's request for an evidentiary hearing. Finding a lack of *Strickland* prejudice based solely on the trial record, the Panel held that the "record evidence does not show that any of the jurors who served were biased by trial counsel's" discrimination. *Lee,* 715 F.3d at 223. However, Appellant was afforded no opportunity to develop and present evidence on this issue. Thus, the implication of the Panel's holding is that if the four corners of the trial record alone do not establish *Strickland* prejudice, then a petitioner cannot prevail. Such a holding cannot be squared with *Nelson, Sinisterra* or *Estes,* all of which recognize that factual development is virtually always required to advance a *Strickland* claim. Second, the jury need not have acted out of bias or an improper racial motive for its verdict to have been affected by counsel's race-based approach to jury selection. As the Supreme Court noted in *Turner v. Murray*, 476 U.S. 28, 35 (1986), where racial issues are present, even if the record discloses no juror bias, "because of the range of discretion entrusted to a jury in a capital

11

sentencing…subtle, less consciously held racial attitudes could [] influence a juror's decision … ." *See also Grutter v. Bollinger*, 539 U.S. 306, 333 (2003) ("Just as growing up in a particular region or having particular professional experiences is likely to affect an individual's views, so too is one's own, unique experience of being a racial minority in a society, like our own, in which race unfortunately still matters.").

During oral argument in co-defendant Kehoe's § 2255 appeal on this issue, two of the three judges on the panel expressed doubt as to whether prejudice could be found because Mr. Kehoe was spared the death penalty. Oral Argument, *United States v. Kehoe*, 11-1382 (Nov. 15, 2012), at 3:35-:45, 9:04-:15, 9:53-10:05. The Government specifically argued the same point in its *Kehoe* brief. Kehoe GB (Entry ID 3939795) p. 43.[4] Appellant's death sentence, by contrast, brings to the forefront the question of whether, in the absence of his counsel's racially based jury selection, there is a reasonable probability that the result of the life or death determination would have been different, due to the very kind of subtle racial issues recognized by the Supreme Court in *Turner*. As the record demonstrates, there was nothing subtle about the racial issues herein. They were part and parcel of the Government's case. The Panel, however, dismissed this concern, asserting

---

[4] The *Kehoe* Panel did not have to address the prejudice question, because Kehoe "ha[d] not attempted to demonstrate" *Strickland's* prejudice prong. *Kehoe,* 712 F.3d at 1254.

Appellate Case: 11-1380     Page: 17     Date Filed: 09/27/2013 Entry ID: 4080431

that it was Appellant's future dangerousness – notwithstanding Mr. Kehoe's attempted murder of numerous police officers after the offense – that yielded the disparate sentences. *Lee,* 715 F.3d at 223.

First, the Panel's assumption regarding the disparity in sentences is undermined by the fact that so many of the jurors rejected mitigation for Mr. Lee, that was conceded by the Government, and that was *unrelated to future dangerousness.* Reply Brief (Entry ID 4005796) pp. 9-10. This anomaly certainly suggests that something powerful, in addition to future dangerousness, had a profound influence on the jury, impelling them to spare the life of the man whom the Government argued was the main actor, while condemning his "follower" to death. The likely explanation is that Appellant's racist views and racist body art adversely influenced the jury's ability to credit mitigating evidence on his behalf.

Second, this Panel's dismissal of the view, expressed by the *Kehoe* Panel and the Government, that a death verdict implicates a separate prejudice inquiry, is at odds with the Supreme Court's analysis of this issue. In *Turner,* which also involved constitutional error in *voir dire* on the issue of race,[5] the Court found the risk of prejudice at penalty greater in kind and degree than the risk at guilt. 476 U.S. at 37. As a result, the Court vacated the death sentence, notwithstanding its affirmance of the murder conviction. *Id.* at 37-38. It based this distinction on "the

_____

[5] The issue in *Turner* involved the trial court's failure to permit *voir dire* on race in an alleged interracial killing.

broad discretion given the jury at the death penalty hearing, and the special seriousness of the risk of improper sentencing in a capital case." *Id.*

This Court should recognize the distinction enunciated in *Turner,* reconsider its decision, and remand this matter to the District Court for a factual inquiry regarding prejudice at penalty. Among the fact-intensive issues that Appellant seeks to develop and present before the District Court are the following:

- The extent to which trial counsel downplayed during *voir dire* the full nature and extent of the images and symbols of racial hatred to which African-American jurors would be exposed, in counsel's misguided and illegal quest to seat only African American jurors. Although instructed *in voir* dire that Appellant held "race-based . . . opinions," *Lee,* 715 F.3d at 218, this could hardly have prepared the jurors for the barrage to come.

- Expert testimony regarding the impact and significance within the African American community of the racist symbols and references thrust upon the jury. Indeed, given the location of this trial, it is likely that most of the jurors were chillingly familiar with the history of violence and hatred associated with the racist images to which they were exposed at trial. *See Cooper v. Aaron,* 358 U.S. 1, 9-13 (1958) (describing the experience of the "Little Rock Nine"). The degree and extent of its impact is neither self-evident, nor erased by the passage of time[6]

Factual development is necessary to demonstrate that trial counsel's glib, intentional, and uninformed decision not to *voir dire* on these issues, and instead rely upon their stereotypical beliefs was not without consequence. The Panel's refusal to address the need for evidentiary development and failure to address the need for remand to permit development of these fact intensive issues is

---

[6] *See, e.g.*, Bates, Daisey. *The Long Shadow of Little Rock: A Memoir*, New York: David McKay Company, Inc., 1962.

Appellate Case: 11-1380     Page: 19     Date Filed: 09/27/2013 Entry ID: 4080431

inconsistent with this Court's § 2255 precedent. *Henley v. Brown*, 686 F.3d 634, 644 (8th Cir. 2012) ("[p]rudence . . . compels [the Court] to remand the action to the District Court for consideration of [these questions] in the first instance."); *see also Lafarge North America, Inc. v. Discovery Group L.L.C.*, 574 F.3d 973, 983 n.4 (8th Cir. 2009) (same); *Cody v. Hillard*, 139 F.3d 1197, 1200 (8th Cir. 1998) (same). It resulted in this Panel engaging in a *Strickland* analysis, based wholly on the trial record, after counsel was precluded from factually developing the *Strickland* claim. A remand is necessary.

**WHEREFORE,** Appellant respectfully requests that rehearing or rehearing *en banc* be granted.

Respectfully submitted,

By: /s/ Karl Schwartz_____
KARL SCHWARTZ
(Pa Bar # 38994)
Jennifer Merrigan
(Mo Bar # 56733)
Capital Habeas Unit
Delaware Federal Defender Office
800 North King Street
Wilmington, DE  19801
Karl_Schwartz@fd.org
Dated: September 27, 2013          (302) 573-6010

15

# CERTIFICATE OF SERVICE

Appellant's counsel have filed this Petition For Rehearing and Suggestion For Rehearing En Banc on today's date, September 27, 2013 via ECF, thereby serving the United States and all parties.

/s/ Karl Schwarz
KARL SCHWARTZ

16