UNITED STATES OF AMERICA,      )
      Plaintiff/Appellee,     )
                  )    Case No. 11-1380
    v.                 )    (Capital Case)
                  )
DANIEL LEWIS LEE,          )
      Defendant/Appellant.    )

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR STAY OF APPELLATE PROCEEDINGS

In accordance with the Court's order dated October 9, 2013, the government submits this response to defendant Daniel Lewis Lee's Motion For Stay of Appellate Proceedings Pending District Court Resolution of Motion Pursuant to Federal Rule of Civil Procedure 62.1. For the reasons state below, the Court should deny the motion.

### STATEMENT

1.    Lee and co-defendant Chevie Kehoe committed three murders in furtherance of a scheme to create an independent nation of white supremacists in the Pacific Northwest. Br. 4.[1] A federal grand jury returned an indictment charging them with, among other things, three counts of murder in aid of racketeering, in

---

[1] Citations to "Br." are to the government's answering brief on appeal, filed on December 21, 2012. "Lee Br." refers to Lee's opening brief. "App." refers to the appendix that Lee filed with his opening brief. "COA Motion" refers to the motion Lee filed in this Court to expand the certificate of appealability. "Dkt." refers to district court docket entries. "Tr." refers to the consecutively-paginated transcript from Lee's trial.

violation of 18 U.S.C. § 1959(a)(1). Br. 7. The government sought the death penalty against both defendants for each of the three murders. *Id.* A jury found the guilty on all counts and unanimously recommended a sentence of life imprisonment for Kehoe and a sentence of death for Lee. Br. 7-15.

2.      The district court granted a motion by Lee for a new sentencing hearing. *United States v. Lee*, 89 F. Supp. 2d 1017 (E.D. Ark. 2000). As relevant here, the court concluded that the government's cross-examination of Lee's expert witness, Dr. Mark Cunningham, improperly exceeded the scope of Lee's direct examination. *Id.* at 1021-32. In particular, the court concluded that it erred in allowing the government, over the objection of defense counsel, to elicit testimony from Cunningham that a government expert, Dr. Thomas Ryan, had diagnosed Lee as a "psychopath" using the Hare psychopathy checklist. *Id.* at 1028-29; *see id.* at 1023 n.2 (concluding that defense counsel had properly objected to the cross-examination).[2]

This Court reversed and reinstated Lee's death sentence. *United States v. Lee*, 274 F.3d 485 (8th Cir. 2001), *cert. denied*, 537 U.S. 1000 (2002). The Court concluded that it was not error for the district court to allow the government to

---

[2] The Hare psychopathy checklist revised (PCL-R) is a test developed by a psychologist, Dr. Robert Hare, to determine whether an individual meets the criteria to be categorized as a "psychopath."

Appellate Case: 11-1380   Page: 2   Date Filed: 10/21/2013 Entry ID: 4087848

elicit testimony from Dr. Cunningham "on the issue of psychopathy." *Id.* at 495.

The Court explained that the "Federal Death Penalty Act (FDPA) erects very low

barriers to the admission of evidence at capital sentencing hearings," allowing a

district court to "exclude evidence only 'if its probative value is outweighed by the

danger of creating unfair prejudice, confusing the issues, or misleading the jury.'"

*Id.* at 494 (quoting 18 U.S.C. § 3593(c)) (emphasis omitted). The Court concluded

that "Lee's potential psychopathy was probative of his future dangerousness." *Id.*

The Court further concluded that there was no "threat of unfair prejudice" because

"Lee opened the door to testimony concerning psychological diagnosis" by

"introducing a mental health expert in defense." *Id.* at 495.

   3. The Court affirmed Lee's conviction and sentence on direct appeal,

*United States v. Lee*, 374 F.3d 637 (8th Cir. 2004), *cert. denied*, 545 U.S. 1141

(2005), and Lee filed a motion for post-conviction relief under 28 U.S.C. § 2255.

App. 141-83. He argued, among other things, that "the government exceeded the

proper scope of cross examination and made Dr. Cunningham their own expert

witness on the issue of [his] future dangerousness." App. 163. According to Lee,

he received ineffective assistance of counsel because his lawyers "failed to fully

and continuously object during the government's improper cross-examination."

App. 173.

   The district court denied the motion, concluding in relevant part that "[t]rial

-3-

counsel performed exactly as [Lee] now argues that they should have – by interposing a continuing objection to said cross-examination of Dr. Cunningham." *United States v. Lee*, No. 97-CR-00243, 2008 WL 4079315, at \*46 (E.D. Ark. Aug. 28, 2008). The court also concluded that "the merits of this issue, which have been ruled on by the Eighth Circuit, may not be revisited on collateral review." *Id.*

4.      Lee filed a motion for reconsideration under Fed. R. Civ. P. 59. App. 350-431. As relevant here, he argued for the first time that he received ineffective assistance of counsel because his lawyers did not object to the psychopathy evidence on the grounds that it was "scientifically invalid and non-probative of the issue of future dangerousness." App. 370. Lee attached to his motion affidavits from psychologists (dated May 2000) stating that the current research was insufficient to conclude that the Hare psychopathy checklist could predict future dangerousness in prison, App. 436-61, and an affidavit from Dr. Ryan, the government's expert, stating that as of 2000 he determined it was not appropriate to use the Hare psychopathy checklist to assess an individual's future dangerousness in prison, *see* App. 378-84.

The district court denied the Rule 59 motion. *United States v. Lee*, No. 97-CR-00243, 2010 WL 5347174 (E.D. Ark. Dec. 22, 2010). The court determined that at least some of the claims raised in the motion were subject to the applicable restrictions on filing successive motions for postconviction relief under Section

-4-

2255. *Id.* at *5, *6 The court also concluded that relief was not warranted under

Rule 59(e). *Id.*; *see United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930,

933 (8th Cir. 2006) (explaining that a Rule 59(e) motion "cannot be used to

introduce new evidence, tender new legal theories, or raise arguments which could

have been offered or raised prior to entry of judgment").

Specifically with respect to Lee's claim regarding the psychopathy

evidence, the court concluded that Lee's Section 2255 motion did not put the court

on notice of the new argument he advanced in his Rule 59 motion. *Id.* at *6. The

court noted that Lee did not "explain why the information he now includes [with

the Rule 59(e) motion] was not included in connection with his original petition."

*Id.* The court also concluded that Lee's claim lacked merit. *Id.* at *5, *6. The court

determined that Dr. Ryan's 2000 change of mind did not establish that his lawyers

were ineffective at the time of trial (in 1999) for not challenging the scientific

validity of using the Hare psychopathy checklist. *Id.* at *6.

5.      The district court granted a certificate of appealability with respect to

one issue raised in Lee's Section 2255 motion: whether Lee's death sentence was

unconstitutional because Kehoe received a sentence of life imprisonment. App.

488-90. Lee subsequently filed a motion in this Court seeking to expand the

certificate of appealability. He sought a certificate of appealability on, *inter alia*,

whether he received ineffective assistance of counsel because his lawyers did not

Appellate Case: 11-1380     Page: 5     Date Filed: 10/21/2013 Entry ID: 4087848

seek to exclude psychopathy evidence as scientifically invalid and therefore inadmissible under Fed. R. Evid. 702. COA Motion 78. This Court expanded the certificate of appealability to encompass one additional claim – whether Lee received ineffective assistance of counsel during jury selection because his lawyers exercised peremptory challenges on the basis of race – and denied Lee's motion as to all other claims. The Court denied a petition for rehearing en banc.

Accordingly, in the ensuing appeal, Lee argued that he received ineffective assistance of counsel during jury selection and that the disparity between his and Kehoe's sentences showed that his death sentence was unconstitutionally arbitrary. Lee Br. 16-33, 38-40. According to Lee, the "arbitrariness" of his sentence was "exacerbated" by the psychopathy evidence elicited at trial because "there is no scientific bases whatsoever for the proposition that individuals diagnosed as psychopaths are likely to be dangerous when incarcerated." Lee Br. 40-41.

On April 29, 2013, a panel of this Court issued an opinion affirming the district court's denial of Lee's Section 2255 motion. *United States v. Lee*, 715 F.3d 215 (8th Cir. 2013). The Court rejected Lee's claim of ineffective assistance of counsel during jury selection. *Id.* at 221-24. The Court also concluded that it had already rejected Lee's constitutional challenge to his sentence and that Lee could not relitigate the claim on collateral review. *Id.* at 224. With respect to Lee's

-6-

contention that "the government's evidence of future dangerousness was premised on junk science," the Court determined that this issue was "beyond the scope of our certificate of appealability" and "therefore not properly before the court." *Id.* The Court also noted that it had "previously concluded that there was no 'threat of unfair prejudice' from the elicitation in this case of psychopathy evidence by the government during sentencing." *Id.* (quoting *Lee*, 274 F.3d at 495).

Lee made four filings on September 27, 2013. He filed a petition in this Court for panel rehearing and rehearing en banc. In the district court, he filed a motion for relief from the district court's judgment pursuant to Fed. R. Civ. P. 60(b), contending – as he did in his Rule 59 motion and in his motion to expand the certificate of appealability – that he received ineffective assistance of counsel at trial because his lawyers failed to challenge the "reliability and validity" of the Hare pyschopathy checklist as "a valid predictor of future dangerousness in prison." Dkt. 1230, at 4. Lee also filed a motion under Fed. R. Civ. P. 62.1 asking the district court to provide a ruling indicating whether it is inclined to grant relief from the judgment under Rule 60. Dkt. 1231. Finally, Lee filed the present motion asking this Court to stay appellate proceedings pending an indicative ruling from the district court.

Appellate Case: 11-1380    Page: 7    Date Filed: 10/21/2013 Entry ID: 4087848

**DISCUSSION**

**1. Lee Was Afforded His One Full Opportunity to Collaterally Attack His Conviction and Sentence Under 28 U.S.C. § 2255**

Once a federal defendant's conviction becomes final he or she "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. The motion must "specify all the grounds for relief available to the moving party." Rule 2, Rules Governing Section 2255 Proceedings for the United States District Courts. Claims not first raised before the district court must be pursued in a second or successive motion for relief. *United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010); *see Abdullah v. United States*, 240 F.3d 683, 685 (8th Cir. 2001); *Hines v. United States*, 282 F.3d 1002, 1005 (8th Cir. 2002).

Under provisions enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), any "second or successive motion" for relief under 28 U.S.C. § 2255 must be certified by a panel of the court of appeals in accordance with the procedures set forth at 28 U.S.C. § 2244. *See, e.g., Vitrano v. United States*, 721 F.3d 802, 606-08 (7th Cir. 2013). Under those procedures, before a defendant may proceed with a "second or successive" motion, the court of appeals must certify that it raises a claim involving "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would

-8-

have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see* 28 U.S.C. § 2244(b)(2) . A district court lacks jurisdiction to consider a successive motion absent such certification. *See United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam).

A defendant cannot avoid the certification requirement "by purporting to invoke some other procedure," *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam), such as a motion for relief from a judgment under Fed. R. Civ. P. 60(b), *see Boyd*, 304 F.3d at 814. It is the substance of the motion that controls, not the label attached to it. Thus, if a district court determines that a "Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd*, 304 F.3d at 814.

The "idea behind" these provisions "is that a prisoner is entitled to one, but only one, full and fair opportunity to wage a collateral attack." *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998); *accord Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir. 2011). Under Section 2255, "[t]here is only one bite at the post-conviction apple unless a second or successive petition can show" a new rule

-9-

Appellate Case: 11-1380   Page: 9   Date Filed: 10/21/2013 Entry ID: 4087848

of constitutional law made retroactive on collateral review or newly discovered evidence that sufficiently undermines a guilty verdict. *United States v. Barrett*, 178 F.3d 34, 57 (1st Cir. 1999). A defendant who has "failed to marshal all his claims of error in his first section 2255 petition" cannot "rectify[] his omission by means of a second petition." *Id.* (internal citation and quotation marks omitted).

Lee was afforded his one unrestricted opportunity to collaterally attack his conviction and sentence. He filed a Section 2255 motion on June 26, 2006. App. 141-83. The motion was extensively briefed, and in an order dated May 22, 2008, the district court provided Lee with "one final opportunity to put before the Court additional legal authority or argument in support of the grounds for relief currently before the Court." Dkt. 1156. Once the district court denied the motion, Lee was required to satisfy the gatekeeping requirements of 28 U.S.C. § 2255 before pursing a second or successive motion. *See Williams v. Norris*, 461 F.3d 999, 1003-04 (8th Cir. 2006) (gatekeeping requirements apply after the district court's judgment, even if the judgment has not yet been affirmed on appeal).

## 2. Lee's Rule 60(b) Motion is a Second or Successive Motion for Relief Under 28 U.S.C. § 2255

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court addressed when a motion under Fed. R. Civ. P. 60(b) will qualify as an application for relief under 28 U.S.C. § 2254 and therefore will be subject to the restrictions on "second

-10-

Appellate Case: 11-1380     Page: 10     Date Filed: 10/21/2013 Entry ID: 4087848

or successive" applications set forth at 28 U.S.C. § 2244.[3] The Court held that "[a] motion that seeks to add a new ground for relief . . . will of course qualify." 545 U.S. at 532. The Court concluded that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 531 (citing 28 U.S.C. § 2244(b)(2)). On the other hand, the Court held that a Rule 60(b) motion that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings" should not be treated as a second or successive habeas petition. *Id.* at 532.

*Gonzalez* establishes that Lee's Rule 60(b) motion is a second or successive Section 2255 motion. As an initial matter, although *Gonzalez* involved a habeas petition by a state prisoner under 28 U.S.C. § 2254, courts have uniformly concluded that *Gonzalez*'s reasoning applies with equal force to federal prisoners' motions for collateral relief under Section 2255. *United States v. Buenrostro*, 638

---

[3] 28 U.S.C. § 2254 provides that a federal court can entertain an application for a writ of habeas corpus from a state prisoner challenging his state conviction under federal law. The provisions restricting second or successive applications for postconviction relief under Section 2255 are similar but not identical to the provisions limiting second or successive Section 2254 petitions. *See Gonzalez*, 545 U.S. at 530 n.3.

-11-

F.3d 720, 722 (9th Cir. 2011) (collecting cases). Lee's Rule 60(b) motion is a successive motion under *Gonzalez* because it seeks to present a new ground for relief. In his first motion, Lee claimed that his trial counsel were ineffective because they failed to "fully and continuously object" to the government's cross examination of Dr. Cunningham as "exceed[ing] the proper scope of cross examination." App. 173; *see Lee*, No. 2008 WL 4079315, at *46. Lee now contends that his trial counsel were ineffective because they did not object to the admissibility of the psychopathy evidence elicited during the cross-examination of Dr. Cunningham as unreliable and scientifically invalid. Stay Motion 2-3, 13-18. Allowing Lee to pursue this new claim in a Rule 60(b) motion would improperly circumvent Section 2255(h)'s requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. 28 U.S.C. § 2255(h); *see* 28 U.S.C.§ 2244(a)(b)(2).

Lee's Rule 60(b) motion cannot be characterized as an attack on the integrity of the federal collateral proceedings in this case. An attack based on the omissions of collateral counsel – e.g., that counsel "omitted a claim of constitutional error," *Gonzalez*, 545 U.S. at 531 – "ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably," *id.* at 532 n.5; *accord Ward v. Norris*, 577 F.3d 925, 932-35 (8th Cir. 2009). As in *Ward v. Norris*, Lee's Rule 60(b) motion is "not

-12-

based on a procedural defect, but rather attack[s] previous habeas counsel's omissions and ask[s] for a second opportunity to have the merits determined favorably." 577 F.3d at 935. Lee's motion "seeks to advance, through new counsel, new claims." *Id.* Lee therefore must proceed through the gatekeeping requirements of 28 U.S.C. § 2255(h).

### 3. *Trevino* Does Not Provide a Basis to Avoid Section 2255's Restrictions on Second and Successive Motions

Lee contends that the Supreme Court's decision in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), "creates the opportunity for merits review" of the ineffective assistance of trial counsel claim that he presents in his Rule 60(b) motion. Stay Motion 6-12. A review of the applicable legal principles shows that he is wrong.

28 U.S.C. § 2255 allows a federal prisoner to collaterally attack his sentence and conviction after it becomes final, but there are limits to the claims a defendant may raise in a Section 2255 motion. A defendant cannot relitigate claims previously raised on direct appeal. *Lee*, 715 F.3d at 224. And claims the defendant did *not* raise on direct appeal are generally procedurally defaulted and cannot be raised for the first time in a Section 2255 motion absent a showing of "cause" and "prejudice." *Bousley v. United States*, 523 U.S. 614, 620-23 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). One exception is that Sixth Amendment claims of ineffective assistance of trial counsel need not be raised on direct appeal

-13-

Appellate Case: 11-1380     Page: 13     Date Filed: 10/21/2013 Entry ID: 4087848

and can (and generally should) be raised for the first time in a motion for relief under 28 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

State prisoners seeking habeas relief from state convictions in federal court under 28 U.S.C. § 2254 are likewise restricted in the claims they can raise. For example, under the doctrine of procedural default, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law," but negligence on the part of the prisoner's attorney during state postconviction proceedings generally does not qualify as "cause." *Id.*

A state defendant can procedurally default a claim of ineffective assistance of trial counsel by failing to raise the claim during state proceedings. *See, e.g.*, *Schawitsch v. Burt*, 491 F.3d 798, 803-04 (8th Cir. 2007). But in *Martinez v. Ryan*, the Supreme Court recognized a "narrow exception" to the rule that negligence on the part of counsel in state collateral proceedings may not qualify as cause to overcome procedural default. 132 S. Ct. at 1315. The Court held that in states requiring that ineffective assistance of trial counsel claims be raised for the first time on state collateral review, a defendant seeking to overcome procedural default of an ineffective assistance claim can establish cause in two circumstances:

-14-

Appellate Case: 11-1380     Page: 14     Date Filed: 10/21/2013 Entry ID: 4087848

(1) when the defendant was not appointed counsel in the state collateral review proceedings where the claim of ineffective assistance of trial counsel had to be raised, or (2) when appointed counsel in the proceedings where the ineffective assistance claim had to be raised was himself ineffective under the standards of *Strickland v. Washington*, 466 U.S. 688 (1984). *Martinez v. Ryan*, 132 S. Ct. at 1318. In *Trevino*, the Court extended the application of *Martinez*'s narrow equitable exception to states that permit a defendant to initially raise a claim of ineffective assistance of trial counsel on direct appeal but in practice make it virtually impossible to do so. *Trevino v. Thaler*, 133 S. Ct. at 1915.

*Martinez* and *Trevino* have no bearing on collateral proceedings brought by federal defendants under 28 U.S.C. § 2255, let alone on the gatekeeping provisions of Section 2255(h). A federal defendant cannot procedurally default a claim of ineffective assistance of trial counsel by failing to raise it prior to filing a Section 2255 motion. *Massaro*, 538 U.S. at 504-05. The rulings in *Martinez* and *Trevino* about when procedural default of an ineffective assistance claim in state proceedings may be excused, so that the claim can be raised for the first time in a habeas petition under 28 U.S.C. § 2254, therefore have no relevance to collateral review under 28 U.S.C. § 2255.

Once a defendant files a first Section 2255 motion, the gatekeeping provisions of Section 2255(h) restrict future motions. Lee refers to the failure to

-15-

Appellate Case: 11-1380     Page: 15     Date Filed: 10/21/2013  Entry ID: 4087848

raise a claim in a first Section 2255 motion as "procedural default," Stay Motion 6, but that is not accurate. *See Magwood v. Patterson*, 130 S. Ct. 2788, 2801-02 (2010) (distinguishing "procedural-default rules" from Section 2244(b)'s restrictions on "second or successive" applications). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro*, 538 U.S. at 504. In contrast, the limitation on "second or successive" applications established by 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244 are statutory requirements that were created by Congress in AEDPA. The equitable exception to procedural default recognized in *Martinez* and *Trevino*, which applies in certain state systems, does not affect the successive-motion bar of Section 2255(h), and the federal courts that have addressed this issue have so held. *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *United States v. Williams*, Nos. 3:94-cr-3136 & 3:98-cv-59, 2013 WL 5596285, at *2 (N.D. Fla. Oct. 10, 2013).

**4.      There Is No Compelling Reason to Hold Off On Deciding Lee's Rehearing Petition While He Attempts to Pursue a Successive Section 2255 Motion**

Although this Court has broad discretion, it need not stay this appeal while Lee's motion for an indicative ruling is pending in the district court. This appeal and the motions pending in the district court raise distinct claims and require

-16-

Appellate Case: 11-1380     Page: 16     Date Filed: 10/21/2013 Entry ID: 4087848

separate analyses. In this case, which involves Lee's first Section 2255 motion, the Court must determine whether the panel decision "involves a question of exceptional importance" or whether "en banc consideration is necessary to secure or maintain uniformity of the court's decisions." Fed. R. App. P. 35(a). In order for Lee to proceed with the Rule 60(b) motion currently pending in the district court, this Court would have to certify that the new claim in the motion passes the gatekeeping requirements of Section 2255(h). Those two inquiries are unrelated.

Lee contends that a stay would be "consistent with this Court's long-standing equitable remand doctrine," Stay Motion 18-20, but the cases he relies on are unavailing. In *Griffin v. Delo*, 961 F.2d 793 (8th Cir. 1992), the Court allowed "the petitioner to amend his habeas petition because his habeas counsel 'may not have recognized and presented issues of constitutional dimension.'" *Williams v. Norris*, 461 F.3d at 1003 (quoting *Griffin*, 961 F.2d at 794). But the court did not "state that such an amendment would not constitute a second or successive petition." *Williams v. Norris*, 461 F.3d at 1003. And *Griffin* was decided before AEDPA, which established gatekeeping requirements that are jurisdictional and require certification by this Court before a district court may entertain successive petitions. *See, e.g.*, *Ward v. Norris*, 577 F.3d at 938; *see also Fairchild v. Norris*, 21 F.3d 799, 801 (8th Cir. 1994) (describing pre-AEDPA rules).

In *Simmons v Lockhart*, 915 F.2d 372 (8th Cir. 1990), the Court held that

-17-

Appellate Case: 11-1380     Page: 17     Date Filed: 10/21/2013 Entry ID: 4087848

ineffective assistance of counsel during state collateral proceedings could establish cause for a state prisoner to overcome procedural default and raise a claim for the first time in a federal habeas petition. *Id.* at 376. The Supreme Court has since made clear, however, that the ineffective assistance of counsel in state collateral proceedings can overcome procedural default only in the narrow circumstances recognized in *Martinez* and *Trevino*. And in any event, as described above, this case does not involve either state collateral proceedings or procedural default.

Finally, we note that the new ineffective assistance claim that Lee seeks to raise lacks merit.[4] Trial counsel strenuously sought to keep out the psychopathy evidence at Lee's sentencing hearing. To that end, trial counsel limited the defense case at sentencing to proof of mitigating factors, and did not address Lee's future dangerousness, so that counsel could argue that testimony about psychopathy was outside the bounds of proper cross-examination and rebuttal. Lee now contends that trial counsel should have sought to keep out the psychopathy evidence

---

[4] Lee contends that the district court "acknowledg[ed] the potential merit of the claim." Stay Motion 4; *see id.* at 13 (stating that the district court found his claim to be "potentially meritorious"). To the contrary, after concluding that Lee could not present new arguments in his motion for rehearing under Fed. R. Civ. P. 59, the court explained that "the claim, even if considered on the merits, is problematic." 2010 WL 5347174, at *6. The court unambiguously found the claim as presented in Lee's Rule 59 to be "lacking in merit." *Id.* at *5. The statements quoted by Lee (Stay Motion 5) in which the Court suggested it might have conducted an evidentiary hearing had it been presented with factual material in the original Section 2255 motion do not pertain specifically to the psychopathy issue.

Appellate Case: 11-1380     Page: 18     Date Filed: 10/21/2013 Entry ID: 4087848

through different means, namely by arguing that the psychopathy evidence was scientifically invalid and unreliable. Stay Motion 13-15. But when evaluating attorney performance under *Strickland*, it is not appropriate to "second-guess trial strategy [or] use the benefit of hindsight to determine what a better course of action may have been." *Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006). The strategy that trial counsel pursued was sound and well within "the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In fact, trial counsel's strategy eventually succeeded when the district court adopted the defense position and excluded evidence "of psychopathy, the Hare psychopathy test, and any reference to the defendant being a, quote, psychopath, unquote." Tr. 7836.

It is far from certain that the alternative strategy now espoused by Lee would have fared any better. The "Federal Death Penalty Act (FDPA) erects very low barriers to the admission of evidence at capital sentencing hearings," and the Federal Rules of Evidence are inapplicable. *Lee*, 274 F.3d at 495. Fed. R. Evid. 702's relevance and reliability requirements for scientific expert testimony therefore are not pertinent to the admissibility of evidence at a capital sentencing hearing. *United States v. Fields*, 483 F.3d 313, 342-43 (5th Cir. 2007). And in any event, in *United States v. Barnette*, 211 F.3d 803 (4th Cir. 2000), where the government offered the Hare psychopathy checklist to prove the defendant's

-19-

future dangerousness in prison, *id.* at 811, the court of appeals held that –

assuming Rule 702 applies at capital sentencing hearings – the checklist meets the

rule's "standard for admissibility," *id.* at 815-16.[5] It cannot be said that it was

objectively unreasonable for Lee's trial counsel to pursue their (ultimately

successful) strategy to keep out the psychopathy evidence rather than the doubtful

strategy now urged by Lee.

## CONCLUSION

The Court should deny Lee's motion to stay appellate proceedings while his

motion for an indicative ruling is pending in the district court.

Respectfully submitted,

 /s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766

Date: October 21, 2013

---

[5] In *Barnette*, the court ordered a new sentencing hearing not because evidence about the Hare psychopathy checklist was introduced at the hearing, but because the district court prevented the defendant from offering Dr. Cunningham on sur-rebuttal to testify about the validity of using the checklist. 211 F.3d at 823-24. Here, in contrast, the psychopathy evidence came in only through Dr. Cunningham, who testified that the test was useful to assess the risk of future violence in the community but that it had "not yet been shown to be predictive of correctional institutional violence." Tr. 7812; *see* Tr. 7806-07, 7828-29.

Appellate Case: 11-1380     Page: 20     Date Filed: 10/21/2013 Entry ID: 4087848

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system on October 21, 2013.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

 /s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

Appellate Case: 11-1380    Page: 21    Date Filed: 10/21/2013 Entry ID: 4087848