# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

**UNITED STATES OF AMERICA**, )
      Respondent-Appellee, )
                     )      Case No. 11-1380
      vs. )      (Capital Case)
                     )
**DANIEL LEWIS LEE**, )
      Petitioner-Appellant. )

## MOTION FOR LEAVE TO FILE OVERLENGTH REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR STAY OF APPELLATE PROCEEDINGS

Undersigned counsel for Petitioner-Appellant Mr. Lee respectfully requests leave to file an overlength Reply addressing the government's Response to Mr. Lee's *Motion for Stay of Appellate Proceedings Pending District Court Resolution of Motion Pursuant to Federal Rule of Civil Procedure 62.1* in this capital case. According to Rule 27(d)(2) of the Federal Rules of Appellate Procedure, a reply to a response to a motion should not exceed 10 pages unless permitted or directed otherwise. In support of this Motion, Mr. Lee states the following:

Mr. Lee requested a stay in the appellate proceedings so that the district court could have an opportunity to rule on a pending *Motion for Indicative Ruling*. Specifically, that Motion asked the district court to determine, pursuant to Rule 62.1, whether Mr. Lee's 60(b) Motion – also filed in the district court – raised "substantial issues." The district court thereafter issued a briefing schedule and ordered the government to respond to the *Motion for Indicative Ruling* by October

14. The government moved for extension of time until November 15 "[b]ecause of the complexity of the case, and the substantial issues involved." Doc. 1233 at 1. In effect, the government conceded that Mr. Lee's *Motion for Indicative Ruling* should be granted because the 60(b) Motion does, in fact, raise substantial issues.

In its opposition to the *Motion for Stay of Appellate Proceedings*, however, the government did not confine itself to the narrow scope of the stay request – i.e., to permit the district court to issue a ruling on the *Motion for Indicative Ruling* – but instead raised a number of procedural and substantive challenges to the underlying 60(b) Motion itself. Indeed, the government's opposition to the request for a stay is largely directed at an issue that is not yet ripe and at a prayer for relief that has not been made – i.e., a merits determination of the 60(b) Motion. This is a determination that must be made, as a matter of first instance, by the district court. Although the undersigned tried to focus the Reply on the issue actually before this Court, of necessity the undersigned also replied to some of the government's challenges to the 60(b) Motion, lest Mr. Lee be perceived to be conceding those points.[1] This necessitated a discussion of some of the legal issues which the government by its own admission concedes are "complex."

---

[1] As Mr. Lee notes in the accompanying Reply, the instant stay litigation is not the proper context in which to litigate the potential merits of the 60(b) Motion. The substantive and procedural issues surrounding the 60(b) Motion are, by the government's own admission, "complex" and "substantial," and the appropriate forum in which to litigate these issues would be in the district court, where the

Despite counsel's best efforts to streamline the Reply, it exceeds 10 pages. A shorter submission would not adequately address the arguments at issue, particularly in the context of this capital case.

This Motion and the Reply are filed in good faith and are based upon the desire of counsel to provide their capital client with professional and thorough treatment of the issues in his case.

WHEREFORE, Appellant respectfully requests that the Court accept the Reply for filing in its current form.

Respectfully submitted,

EDSON A. BOSTIC

Federal Public Defender

By: /s/Karl Schwartz
Karl D. Schwartz (PA Bar # 38994)
Jennifer Merrigan (MO Bar # 56733)
Office of the Federal Public Defender
District of Delaware
800 N. King Street, Suite 200
Wilmington, DE 19801
(302) 573-6010
Dated: November 4, 2013

---

60(b) Motion is actually pending. Such consideration of the 60(b) Motion by the district court can only occur if it: (1) issues an indicative ruling pursuant to Civil Rule 62.1 that the Motion raises a substantial issue; and (2) if this Court remands the case to the district court for consideration of the Motion, pursuant to Appellate Rule 12.1. As neither of those conditions have yet been met, it is premature for the government to be litigating such issues now in this Court.

# CERTIFICATE OF SERVICE

Appellant's counsel have filed this Motion on November 4, 2013, via ECF, thereby serving the United States and all parties.

/s/ Karl Schwarz
KARL SCHWARTZ