In the

# United States Court of Appeals
For the Eighth Circuit

UNITED STATES OF AMERICA,
Appellee,

v.

DANIEL LEWIS LEE,
Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
District Court No. 97-CR-243-GTE
Hon. Garnett Thomas Eisele, United States District Judge

**RESPONSE OF THE UNITED STATES TO APPELLANT'S
PETITION FOR REHEARING EN BANC**

CHRISTOPHER R. THYER
United States Attorney
Eastern District of Arkansas

MYTHILI RAMAN
Acting Assistant Attorney General

DENIS J. McINERNEY
Deputy Assistant Attorney General

JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

# TABLE OF CONTENTS

TABLE OF AUTHORITIES......................................................................................... ii

STATEMENT. .................................................................................................... 1

ARGUMENT. ..................................................................................................... 5

I.  The Panel's Decision is Correct. ................................................................. 5

II. Rehearing is Not Necessary to Secure or Maintain Uniformity of
This Court's Decisions. ............................................................................ 9

III. The Panel Decision Does Not Conflict With Authority From the
Other Courts of Appeals.......................................................................... 12

CONCLUSION. ................................................................................................. 15

CERTIFICATE OF SERVICE. .............................................................................. 16

Appellate Case: 11-1380    Page: 2    Date Filed: 12/16/2013 Entry ID: 4106179

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Allen v. Hardy*, 478 U.S. 255 (1986)..................................................................... 10

*Batson v. Kentucky*, 476 U.S. 79 (1986)......................................................... passim

*Bell v. Jarvis*, 236 F.3d 149 (4th Cir. 2000)........................................................ 12

*Bloomer v. United States*, 162 F.3d 187 (2d Cir. 1998)....................................... 12

*Davis v. United States*, 411 U.S. 233 (1973)...................................................... 8, 9

*Ford v. Norris*, 67 F.3d 162 (8th Cir. 1995).......................................................... 6

*Francis v. Henderson*, 425 U.S. 536 (1976)........................................................... 8

*Georgia v. McCollum*, 505 U.S. 42 (1992)..................................................... passim

*Jackson v. Herring*, 42 F.3d 1350 (11th Cir. 1995)............................................. 12

*Johnson v. Sherry*, 586 F.3d 439 (6th Cir. 2009)........................................... 12, 13

*Johnson v. United States*, 520 U.S. 461 (1997)..................................................... 6

*Mata v. Johnson*, 99 F.3d 1261 (5th Cir. 1996)................................................... 14

*McGurk v. Stenberg*, 163 F.3d 470 (8th Cir. 1998)..................................... 9, 10, 13

*Miller v. Dormire*, 310 F.3d 600 (8th Cir. 2002)....................................... 9, 10, 13

*Neder v. United States*, 527 U.S. 1 (1999).......................................................... 6

*Owens v. United States*, 483 F.3d 48 (1st Cir. 2007).......................................... 12

*Person v. Miller*, 854 F.2d 656 (4th Cir. 1988)................................................... 12

*Puckett v. United States*, 556 U.S. 129 (2009)..................................................... 6

ii

Appellate Case: 11-1380     Page: 3     Date Filed: 12/16/2013 Entry ID: 4106179

*Purvis v. Crosby*, 451 F.3d 734 (11th Cir. 2006)......................................................... 12

*Rivera v. Illinois*, 556 U.S. 148 (2009). ...................................................................... 6

*Rose v. Clark*, 478 U.S. 570 (1986). ........................................................................... 14

*Saunders v. United States*, 236 F.3d 950 (8th Cir. 2001). .......................................... 11

*Strickland v. Washington*, 466 U.S. 668 (1984). .................................................. passim

*Styers v. Schiro*, 547 F.3d 1026 (9th Cir. 2008)......................................................... 13

*United States v. Boyd*, 86 F.3d 719 (7th Cir. 1996). .................................................. 14

*United States v. Cronic*, 466 U.S. 648 (1984). ............................................................ 5

*United States v. Dominguez Benitez*, 542 U.S. 74 (2004). ........................................... 8

*United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006). ............................................... 8

*United States v. Greer*, 968 F.2d 433 (5th Cir. 1992)................................................. 12

*United States v. Huey*, 76 F.3d 638 (5th Cir. 1996). .................................................. 14

*United States v. Kehoe*, 310 F.3d 579 (8th Cir. 2002). ................................................ 2

*United States v. Kehoe*, 712 F.3d 1251 (8th Cir. 2013). ................................ 3, 4, 7, 13, 14

*United States v. Lee*, 374 F.3d 637 (8th Cir. 2004)..................................................... 2

*United States v. Lee*, 715 F.3d 215 (8th Cir. 2013)................................................... 4, 7

*United States v. Mechanik*, 475 U.S. 66 (1986). ........................................................ 14

*United States v. Morris*, 723 F.3d 934 (8th Cir. 2013)............................................... 11

*United States v. Pospisil*, 186 F.3d 1023 (8th Cir. 1999). ........................................... 11

*United States v. Turrietta*, 696 F.3d 972 (10th Cir. 2012). ......................................... 6

Appellate Case: 11-1380     Page: 4     Date Filed: 12/16/2013 Entry ID: 4106179

*Vasquez v. Hillery*, 474 U.S. 254 (1986)............................................................ 8

*Virgil v. Dretke*, 598 F.3d 598 (5th Cir. 2006)................................................... 13

*Winston v. Boatright*, 649 F.3d 618 (7th Cir. 2011)................................... 12, 13, 14

*Yankton Sioux Tribe v. Podhradsky*, 606 F.3d 985 (8th Cir. 2010)..................... 11

*Wright v. Nix*, 928 F.2d 270 (8th Cir. 1991)....................................................... 7

*Young v. Bowersox*, 161 F.3d 1159 (8th Cir. 1998)............................... 3, 4, 6, 7, 12

## FEDERAL STATUTES

18 U.S.C. § 1959(a)(1)............................................................................... 1

28 U.S.C. § 2254....................................................................................... 13

28 U.S.C. § 2254(d)(1)............................................................................. 13

28 U.S.C. § 2255............................................................................... 2, 3, 4, 10

Fed. R. App. P. 35(a)(1).............................................................................. 5

Fed. R. App. P. 35(a)(2).............................................................................. 5

## MISCELLANEOUS

6 Wayne R. LaFave et al., *Criminal Procedure* § 22.3(d) (3d ed. 2011). ............................ 14

Appellate Case: 11-1380     Page: 5     Date Filed: 12/16/2013 Entry ID: 4106179

As directed by the Court, the government submits this response to defendant Daniel Lee's petition for rehearing en banc. The petition should be denied.

## STATEMENT

1. In January 1996, in connection with a scheme to create an independent nation of white supremacists in the Pacific Northwest, Lee and co-defendant Chevie Kehoe broke into the home of gun dealer William Mueller, took weapons and cash, and murdered Mueller, his wife, and their eight-year-old daughter. Gov't Br. 4-5. Lee and Kehoe were charged with, *inter alia*, three counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1). The government sought the death penalty against both defendants for each of the three murders, and they were tried together. Gov't Br. 7.

a. *Batson v. Kentucky*, 476 U.S. 79 (1986), established that the state's use of peremptory challenges to exclude jurors on the basis of race violates the equal protection rights of the excluded jurors and the defendant. *Id.* at 89, 97-98, 99 n.22. In *Georgia v. McCollum*, 505 U.S. 42 (1992), the Court extended the *Batson* rule and held that a defendant's exercise of peremptory challenges based on race is state action that violates the equal protection rights of the excluded jurors, and the state has standing "to assert the excluded jurors' rights" and to challenge a defendant's discriminatory use of peremptory challenges. *Id.* at 50-56, 59.

-1-

b.      Lee and Kehoe jointly exercised 30 peremptory challenges at jury selection, striking no black members of the venire. The resulting jury consisted of nine black jurors and three white jurors. None of the parties raised a *Batson* or *McCollum* challenge to any of the parties' peremptory strikes. Gov't Br. 7-9.

The jury found Lee and Kehoe guilty on all counts, and separate hearings were held for each defendant to determine whether they should receive the death penalty for the three capital murders. The jury concluded that Lee should be sentenced to death but that Kehoe should receive a sentence of life imprisonment without the possibility of release. Gov't Br. 9-15.

2.      Lee's and Kehoe's convictions and sentences were affirmed on direct appeal, *see United States v. Lee*, 374 F.3d 637 (8th Cir. 2004), *United States v. Kehoe*, 310 F.3d 579 (8th Cir. 2002), and they filed motions for postconviction relief under 28 U.S.C. § 2255. Among other things, they argued that they received ineffective assistance of counsel in violation of the Sixth Amendment because their lawyers exercised peremptory challenges on the basis of race. *See* Gov't Br. 19.

In connection with the motions, one of Kehoe's lawyers provided an affidavit stating that defense counsel made a strategic decision to select a jury with as many black jurors as possible. According to the affidavit, defense counsel concluded, after consulting with a jury expert, that black jurors would be less likely to credit government testimony and to impose the death penalty. Gov't Br. 19-20.

-2-

3. After the district court denied the defendants' Section 2255 motions, this Court granted Lee and Kehoe certificates of appealability on their claims of ineffective assistance of counsel during jury selection. *See* Gov't Br. 3.[1]

a. On April 22, 2013, a unanimous panel of this Court affirmed the denial of Kehoe's Section 2255 motion. *United States v. Kehoe*, 712 F.3d 1251 (8th Cir. 2013).[2] The Court "assume[d] without deciding that Kehoe can satisfy *Strickland*'s performance prong" and "proceed[ed] directly to the analysis of prejudice." *Id.* at 1253. The Court rejected Kehoe's contention that prejudice should be presumed because a *McCollum* violation[3] is structural error. *Id.* at 1253-54. The Court held that Kehoe's argument was precluded by *Young v. Bowersox*, 161 F.3d 1159 (8th Cir. 1998), which held that a defendant must demonstrate prejudice in order to succeed on a claim of ineffective assistance of counsel premised on defense counsel's failure to object to unconstitutional race-based peremptory challenges by the government. Although *Young* involved the failure to object to a *Batson* violation, the Court

---

[1] The district court also granted Lee a certificate of appealability on another issue that is not pertinent to this rehearing petition. *See* Gov't Br. 3.

[2] The Court denied a petition for rehearing en banc on August 6, 2013.

[3] We use "*McCollum* violation" or "*McCollum* error" as shorthand for race-based jury selection by the defense and "*Batson* violation" or "*Batson* error" as shorthand for race-based jury selection by the government.

Appellate Case: 11-1380    Page: 8    Date Filed: 12/16/2013 Entry ID: 4106179

explained, "the holding of *Young* must apply with equal force to a claim premised on a *McCollum* violation." 712 F.3d at 1254.

b. On April 29, 2013, a unanimous panel of this Court affirmed the denial of Lee's Section 2255 motion. *United States v. Lee*, 715 F.3d 215 (8th Cir. 2013). The panel noted that there was no dispute that Lee's counsel joined in the race-based jury selection strategy employed by Kehoe's lawyers. *Id.* at 221, 222. The panel further explained that in light of the *Kehoe* decision Lee could not rely on a presumption of prejudice and, "like Kehoe, must . . . show that he was prejudiced by counsel's racially motivated jury selection strategy in order to succeed on his ineffective assistance claim." *Lee*, 715 F.3d at 222.

The panel concluded that Lee had not established prejudice. The panel rejected Lee's contention that the "overwhelming" evidence of Lee's racism introduced at trial makes "inescapable" the "inference" that his racism influenced the decision of black jurors "to convict [him] and sentence him to death." *Id.* at 223. The panel explained that the Court will not presume that jurors are biased simply because of their race. *Id.* The veniremembers were asked during voir dire whether they could be impartial despite the defendants' racism, and while one prospective juror said he would be biased, the others "confirmed their impartiality." *Id.* "Nothing in the record shows that the jury made its decision on anything other than the evidence presented." *Id.* The panel also rejected Lee's contention that Kehoe's life sentence showed that the black

-4-

jurors voted to sentence him to death because of his racist beliefs. To the contrary, "[t]he evidence against Lee and Kehoe was not identical," and "the differing sentences for the two men shows that the jury impartially weighed the aggravating and mitigating factors to determine the appropriate sentence for each defendant." *Id.* at 223.

## ARGUMENT

The panel's decision is correct and does not conflict with other decisions of this Court or another court of appeals. Rehearing en banc is therefore not required "to secure or maintain uniformity of the court's decisions," Fed. R. App. P. 35(a)(1), or because this case "involves a question of exceptional importance," Fed. R. App. P. 35(a)(2).

## I. The Panel's Decision Was Correct

A defendant claiming that he received ineffective assistance of counsel, in violation of the Sixth Amendment, must (1) show that his counsel performed deficiently, *Strickland v. Washington*, 466 U.S. 668, 688 (1984); and (2) "affirmatively prove prejudice," *id.* at 693-94. The Supreme Court has identified only a few exceptional circumstances in which actual prejudice need not be shown, such as when a defendant is actually or constructively denied the assistance of counsel at a critical stage of trial. *United States v. Cronic*, 466 U.S. 648, 659 (1984); *see Strickland*, 466 U.S. at 692.

Appellate Case: 11-1380    Page: 10    Date Filed: 12/16/2013 Entry ID: 4106179

Lee contends (Pet. 5-10) that prejudice should be presumed in this case for another reason. Specifically, Lee contends that *McCollum* error is structural – *i.e.*, a type of constitutional error that if preserved is not subject to harmless-error review and requires automatic reversal on direct appeal without an inquiry into prejudice, *see Neder v. United States*, 527 U.S. 1, 8 (1999)[4] – and therefore *Strickland* prejudice should be presumed when assessing whether defense counsel who caused a *McCollum* error provided ineffective assistance of counsel under the Sixth Amendment.

The *Kehoe* decision and the panel decision in this case correctly concluded, however, that the Court's decision in *Young* precludes this argument. In *Young*, the defendant argued that he received ineffective assistance of counsel because his lawyer negligently failed to object to *Batson* error by the government. *Young*, 161 F.3d at 1160. *Batson* error is structural error that if preserved requires automatic reversal without inquiry into prejudice. *Rivera v. Illinois*, 556 U.S. 148, 160 (2009); *see Ford v. Norris*, 67 F.3d 162, 171 (8th Cir. 1995). The Court nonetheless rejected Young's argument that because *Batson* error is structural "it necessarily follows that prejudice should be presumed" for purposes of determining whether he received ineffective assistance of

---

[4] The Supreme Court has reserved decision on whether unpreserved structural errors "automatically satisfy the third prong of the plain-error test," *Puckett v. United States*, 556 U.S. 129, 140 (2009), but has made clear that a defendant seeking relief from an unpreserved structural error must satisfy the other components of the test, *i.e.*, the error must be "plain" and must seriously impair the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 467-70 (1997); *see, e.g.*, *United States v. Turrietta*, 696 F.3d 972, 976 n.9, 983 (10th Cir. 2012).

-6-

Appellate Case: 11-1380    Page: 11    Date Filed: 12/16/2013 Entry ID: 4106179

counsel. *Young*, 161 F.3d at 1160-61. *Young* therefore establishes that even if *McCollum* error is assumed to be structural – which it is not, *see infra* p. 14 – Lee must nonetheless show prejudice. There is "no relevant distinction between the argument rejected in *Young* and the one currently raised by Kehoe [and Lee]." *Kehoe*, 712 F.3d at 1253.[5]

Not only is *Young*'s holding dispositive, it is correct and should not be disturbed by the en banc court. That prejudice is presumed in harmless-error analysis when a defendant raises a preserved structural error does not dictate it be presumed in assessing whether a defense counsel's assistance was constitutionally defective for allowing or causing a structural error. *See Wright v. Nix*, 928 F.2d 270, 274 (8th Cir.

---

[5] The panel characterized *Young* as "reject[ing] the argument that an ineffective assistance of counsel claim premised on a *Batson* error should be considered a structural error entitled to a presumption of prejudice." 715 F.3d at 222. More specifically, *Young* acknowledged, at least implicitly, that a *Batson* error is "structural" – and therefore results in automatic reversal when preserved and raised on direct appeal, without inquiry into prejudice – but concluded that when a defendant raises a Sixth Amendment ineffective assistance claim premised on the negligent failure to object to or prevent *Batson* error, there is no presumption of *Strickland* prejudice and the defendant must affirmatively establish prejudice in order to make out a Sixth Amendment claim of ineffective assistance. *See Wright v. Nix*, 928 F.2d 270, 274 (8th Cir. 1991) (R. Arnold, J., concurring) ("Wright urges . . . that the proper definition of prejudice for *Strickland* purposes in the present context should focus on whether he received a trial by a jury that was constitutionally chosen. . . . This is the kind of prejudice that would, I think, have been entirely sufficient to produce a reversal on direct appeal if the record had been properly preserved. But it is not, it seems to me, the kind of prejudice that the *Strickland* Court had in mind."); *see Young*, 161 F.3d at 1161 ("This case is controlled by *Wright v. Nix*, 928 F.2d 270 (8th Cir. 1991)."). The panel may wish to revise its opinion to reflect this nuance, but rehearing en banc is not required.

Appellate Case: 11-1380    Page: 12    Date Filed: 12/16/2013 Entry ID: 4106179

1991) (R. Arnold, J., concurring). A "violation of the Sixth Amendment right to effective representation is not 'complete' until the defendant is prejudiced." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147 (2006). The "requirement of showing prejudice in ineffectiveness claims stems from the very definition of the right at issue; it is not a matter of showing that the violation was harmless, but of showing that a violation of the right to effective representation *occurred.*" *Id.* at 150. Whereas a structural error "requires reversal without regard to the mistake's effect on the proceeding," *United States v. Dominguez Benitez*, 542 U.S. 74, 81 (2004), "[c]ounsel cannot be 'ineffective' unless his mistakes have harmed the defense," *Gonzalez-Lopez*, 548 U.S. at 147.

Requiring a defendant to show prejudice when his lawyer caused or allowed structural error also is congruent with the requirement that a defendant establish actual prejudice to avoid procedural default of a claimed structural error. For example, race discrimination in the selection of a grand jury is structural error that obviates an inquiry into prejudice under harmless-error review. *Vasquez v. Hillery*, 474 U.S. 254 (1986). Yet a defendant seeking to raise in postconviction proceedings a procedurally defaulted claim of race discrimination in the selection of the grand jury must show "cause and actual prejudice." *See Francis v. Henderson*, 425 U.S. 536 (1976); *Davis v. United States*, 411 U.S. 233 (1973). Although prejudice is presumed when such a claim is properly preserved, "[t]he presumption of prejudice which supports the existence of

-8-

Appellate Case: 11-1380     Page: 13     Date Filed: 12/16/2013 Entry ID: 4106179

the right is not inconsistent with a holding that actual prejudice must be shown in order to obtain relief from a statutorily provided waiver for failure to assert it in a timely manner." *Davis*, 411 U.S. at 245.

## II. Rehearing is Not Necessary to Secure or Maintain Uniformity of This Court's Decisions

1. Lee contends (Pet. 1, 7, 10) that the panel decision conflicts with this Court's decisions in *McGurk v. Stenberg,* 163 F.3d 470 (8th Cir. 1998) and *Miller v. Dormire*, 310 F.3d 600 (8th Cir. 2002). He is wrong.

*McGurk* held that denial of the right to trial by jury is a structural error and that *Strickland* prejudice should be presumed when defense counsel causes a client to be deprived of that particular constitutional right. 163 F.3d at 474-75. The Court characterized its holding as "narrow" and found it "difficult to imagine situations that would trigger [this] analysis beyond the failure on the part of counsel to inform a defendant of certain basic rights, such as the right to trial by jury, to self-representation, or to an appeal as a matter of right." *Id.* at 475 n.5. *Miller* also involved an ineffective assistance claim where the "defendant's right to a jury trial [was] denied as a result of his attorney's deficient performance." 310 F.3d at 603.

The context in *McGurk* and *Miller* was different than in this case and supported a different analysis. It was the specific "constitutional error in [those] case[s]," namely the "failure to inform [the defendant] of his right to a jury trial," that "justifie[d] a

-9-

presumption of prejudice." *McGurk*, 163 F.3d at 474. In that context, there is "no jury verdict to assess," because the defendant's "right to a trial by jury [has been] denied entirely." *Miller*, 310 F.3d at 604. Race-based jury selection is different. A defendant can still receive a trial by an impartial jury even if the jury is selected on the basis of race, so long as the individual jurors are unbiased. *Allen v. Hardy*, 478 U.S. 255, 259 & n.2 (1986) (per curiam). *Batson* error therefore does not "go[] to the heart of the truthfinding function" or have a "fundamental impact on the integrity of factfinding" at trial. *Id.* at 259. And there is even less reason to doubt the accuracy of a jury's verdict when a defendant engages in race-based jury selection intending to avoid conviction but the jury nonetheless finds the defendant guilty. The presumption of prejudice applied in *McGurk* and *Miller* would be particularly inappropriate in that context.

2.   Lee contends (Pet. 1, 10-11) that rehearing is warranted because the panel decision conflicts with cases discussing the circumstances when a defendant is entitled to a hearing on a Section 2255 motion. His argument lacks merit.

The panel did not address Lee's contention that he is entitled to a hearing on prejudice, presumably because Lee raised this claim for the first time in his reply brief. *Compare* Lee Reply Br. 6-13, 30 (requesting a "remand to the District Court for an evidentiary hearing"), *with* Lee Br. 42 (requesting that the Court vacate his conviction or sentence). Lee's opening brief made no mention of a need for a hearing and was

Appellate Case: 11-1380    Page: 15    Date Filed: 12/16/2013 Entry ID: 4106179

consistent with his motion to expand the certificate of appealability, where he argued that prejudice was "clear from the record." Lee COA Br. 21; *see* Lee Br. 31. It is well established that this Court generally will not consider new arguments raised in a reply brief. *E.g.*, *United States v. Morris*, 723 F.3d 934, 942 (8th Cir. 2013). And because Lee failed to adequately raise this argument before the panel, it should not be considered now as a basis for rehearing. *See Yankton Sioux Tribe v. Podhradsky*, 606 F.3d 985, 993 (8th Cir. 2010).

In any event, Lee's claim of entitlement to a hearing lacks merit and would have been rejected even had it been preserved. Lee contends (Pet. 14) that a hearing is necessary to (1) consider the scope of defense counsel's questioning during voir dire, and (2) adduce possible expert testimony about "the impact and significance within the African American community of the racist symbols and references thrust upon the jury." These allegations, however, are insufficient to establish entitlement to a hearing. *See Saunders v. United States*, 236 F.3d 950, 952-53 (8th Cir. 2001). The voir dire is already a part of the record, obviating the need for a hearing. And the proposed expert testimony is too speculative, *id.*, as well as irrelevant. Regardless of the history of racism in the United States and its remaining vestiges, this Court and others have made clear that absent a specific showing of individual bias a black juror may not be foreclosed from sitting in judgment of a racist defendant, even a racist defendant charged with a racially-motivated crime. *United States v. Pospisil*, 186 F.3d 1023, 1028

-11-

(8th Cir. 1999); *United States v. Greer*, 968 F.2d 433, 435 & n.3 (5th Cir. 1992) (en banc); *Person v. Miller*, 854 F.2d 656, 665 (4th Cir. 1988).

### III. The Panel Decision Does Not Conflict With Authority From the Other Courts of Appeals

Lee contends (Pet. 1, 7, 10) that the panel decision implicates a conflict in authority from other courts of appeals. Again, he is wrong.

The Eleventh Circuit is the only other court of appeals to address the issue raised in *Young*, namely whether *Strickland* prejudice should be presumed when defense counsel fails to object to *Batson* error. *See Jackson v. Herring*, 42 F.3d 1350, 1362 (11th Cir. 1995). Consistent with *Young*, the law in the Eleventh Circuit is "that an ineffective assistance of counsel claim based on the failure to object to a structural error at trial requires proof of prejudice." *Purvis v. Crosby*, 451 F.3d 734, 742 (11th Cir. 2006).

With one exception, namely *Winston v. Boatright*, 649 F.3d 618 (7th Cir. 2011), the cases cited by Lee all involved ineffective assistance claims where defense counsel allegedly caused or allowed some type of error other than discriminatory jury selection. *See Owens v. United States*, 483 F.3d 48, 65 (1st Cir. 2007) (right to public trial); *Bell v. Jarvis*, 236 F.3d 149, 165 (4th Cir. 2000) (en banc) (same); *Johnson v. Sherry*, 586 F.3d 439, 447 (6th Cir. 2009) (same); *Purvis v. Crosby*, 451 F.3d at 742 (same); *Bloomer v. United States*, 162 F.3d 187, 194 (2d Cir. 1998) (constitutionally deficient jury

-12-

instruction on reasonable doubt); *Styers v. Schiro*, 547 F.3d 1026, 1030 n.5 (9th Cir. 2008) (right to impartial jury); *Virgil v. Dretke*, 598 F.3d 598, 607 (5th Cir. 2006) (same). As described above with respect to *McGurk* and *Miller*, *see supra* pp. 9-10, each context warrants its own analysis. The panel decision therefore does not conflict with cases in which attorney negligence resulted in constitutional error other than discriminatory jury selection.[6]

*Winston* involved a state prisoner's federal habeas petition under 28 U.S.C. § 2254. The defense had selected a jury on the basis of sex, a variant of *McCollum* error. The Seventh Circuit concluded that the state court's denial of the defendant's state habeas petition was not "contrary to," or an "unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), because at the time of the state decision the Supreme Court had not yet made clear that a *Batson* violation is structural error. 649 F.3d at 634. Thus, although the *Kehoe* decision stated that *Winston* "adopted Kehoe's [and Lee's] position," *Kehoe*, 712 F.3d at 1255 n.4, the actual holding of *Winston* is narrower and does not conflict with the decision in *Kehoe* or this case. To be sure, *Winston* assumed that if *Batson* error is structural then so too is *McCollum* error, *see id.* at 633-34, and reasoned that *Strickland* prejudice "is automatically present" when defense counsel causes either *Batson* or *McCollum* error, *see id.* at 633, but those

---

[6] In addition, the discussions of a presumption of *Strickland* prejudice in *Jarvis*, *Sherry*, and *Styers* were dicta.

Appellate Case: 11-1380     Page: 18     Date Filed: 12/16/2013 Entry ID: 4106179

portions of the decision were not essential to the court's holding and are therefore dicta.

The extraneous reasoning in *Winston* is also erroneous. The court was wrong to lump together *Batson* and *McCollum* error and assume that if one is structural error then so too is the other. *See generally* Gov't Br. 33-39. While *Batson* error requires automatic reversal to vindicate "important values that are unrelated to the truth-seeking function of the trial," *Rose v. Clark*, 478 U.S. 570, 587 (1986) (Stevens, J., concurring), namely the deterrence of racial discrimination in the composition of the jury, *cf. United States v. Mechanik*, 475 U.S. 66, 70 n.1 (1986), the same is not true of *McCollum* error. Requiring automatic reversal for unconstitutionally discriminatory jury selection by the defendant that is intended to benefit the defendant would create a strong incentive to engage in that conduct and "would make a laughingstock of the judicial process." *United States v. Boyd*, 86 F.3d 719, 725 (7th Cir. 1996). Courts have therefore uniformly rejected automatic reversal for *McCollum* error. *Id.*; *Mata v. Johnson*, 99 F.3d 1261, 1270-71 (5th Cir. 1996) (distinguishing *United States v. Huey*, 76 F.3d 638 (5th Cir. 1996)); *see* 6 Wayne R. LaFave et al., *Criminal Procedure* § 22.3(d) (3d ed. 2011).

The *Winston* court was also incorrect to conclude that *Strickland* prejudice "is automatically present when the selection of a petit jury has been infected with a violation of *Batson*." 712 F.3d at 1255. As discussed above, *see supra* pp. 7-9, the presence of structural error obviates harmless-error review but does not automatically

-14-

Appellate Case: 11-1380    Page: 19    Date Filed: 12/16/2013 Entry ID: 4106179

absolve a defendant from proving *Strickland* prejudice to make out a Sixth Amendment claim of ineffective assistance. And it would be particularly inappropriate to presume prejudice when defense counsel causes or allows *Batson* or *McCollum* error. To be clear, race-based jury selection is unconstitutional, whether by the prosecution or the defense, and the government does not in any way condone such conduct. But race-based jury selection, especially when perpetrated by the defense, does not fundamentally affect the truthfinding function of a trial in the absence of a showing that the seated jury was not impartial. *See supra* p. 10.

## CONCLUSION

The petition for rehearing en banc should be denied.

Respectfully submitted,

CHRISTOPHER R. THYER
United States Attorney
Eastern District of Arkansas

MYTHILI RAMAN
Acting Assistant Attorney General

DENIS J. McINERNEY
Deputy Assistant Attorney General

/s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766

December 16, 2013

-15-

Appellate Case: 11-1380    Page: 20    Date Filed: 12/16/2013 Entry ID: 4106179

# CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I further certify that appellant's counsel is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

/s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766

-16-