# EXHIBIT 1

Appellate Case: 11-1380    Page: 1    Date Filed: 12/22/2013 Entry ID: 4108107

**Case No. 11-1380**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

**UNITED STATES OF AMERICA,**
*Appellee,*

*v.*

**DANIEL LEWIS LEE,**
*Defendant-Appellant.*

---

Appeal from the United States District Court for the Eastern District of Arkansas,
Honorable G. Thomas Eisele
District Court No. 4:97-cr-243-GTE

---

### APPELLANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO APPELLANT'S PETITION FOR REHEARING *EN BANC*

---

EDSON BOSTIC
FEDERAL DEFENDER
DISTRICT OF DELAWARE

KARL SCHWARTZ
JENNY MERRIGAN
Delaware Federal Defender Office
800 King Street, Suite 200
Wilmington, DE 19801
Karl_Schwartz@fd.org
(302) 442-6545
Karl_Schwartz@FD.org

*Attorneys for Appellant*

Appellate Case: 11-1380    Page: 2    Date Filed: 12/22/2013 Entry ID: 4108107

TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………...........ii

ARGUMENT …………………………………………………………….…1

    I.    THE GOVERNMENT'S RESPONSE RAISES ISSUES
    AND QUESTIONS THAT SHOULD BE ADDRESSED
    AFTER FULL BRIEFING AND ARGUMENT TO THE
    *EN BANC* COURT……………………………..…………………1

        A.    The Conflict in This Court's Cases…………..…………..…1

        B.    Conflict With Other Circuits……………………..…………4

        C.    Whether The Case Should Be Remanded to Provide
        Appellant the Chance to Prove Actual Prejudice……….…….7

CONCLUSION…………………………………………………………….9

CERTIFICATE OF SERVICE………………………………………………10

Appellate Case: 11-1380    Page: 3    Date Filed: 12/22/2013 Entry ID: 4108107

# TABLE OF AUTHORITIES

## Federal Cases

*Batson v. Kentucky*, 476 U.S. 79 (1986)……...…………………….…..…..3-5,  9

*J.E.B. v. Alabama,* 511 U.S. 127 (1994)……….……………………………...6

*McGurk v. Stenberg*, 163 F.3d 470 (8th Cir. 1998)……………………...…1-2

*Miller v. Dormire*, 310 F.3d 600 (8th Cir. 2002)…………………...………1-2

*Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.*,
408 F.3d 410 (8th Cir. 2005)………………………………………………….8

*Neder v. United States*, 527 U.S. 1 (1999)……………………………………3

*Owens v. United States*, 483 F.3d 48 (1st Cir.  2007)……...…………………3

*Rivera v. Illinois*, 556 U.S. 148 (2009)………….…………………………….3

*Strickland v. Washington,* 466 U.S. 668 (1984)…………………………….1, 3-5

*United States v. Huey*, 76 F.3d 638 (5th Cir. 1996)……………………….…6

*United States v. Kehoe*, 712 F.3d 1251 (8th Cir. 2013)…………………….1-2

*United States v. Lee,* 715 F.3d 215 (8th Cir. 2013)………………………....2

*United States v. Withers*, 638 F.3d 1067 (9th Cir. 2011)…………………..5

*Vasquez v. Hillary*, 474 U.S. 254 (1986)…………………………………..6

*Winston v. Boatwright*, 649 F.3d 618  (7th Cir. 2011)……...………………5-6

*Young v. Bowersox*, 161 F.3d 1159 (8th Cir. 1998)…………………...………1, 4, 6

Appellate Case: 11-1380     Page: 4     Date Filed: 12/22/2013 Entry ID: 4108107

## Miscellaneous

*Amy Knight Burns, Insurmountable Obstacles: Structural Errors,*
*Procedural Default, and Ineffective Assistance,*
*64 Stan L. Rev. 727 (2012)*…………………………………………………4-5

## Federal Rules of Appellate Procedure

Fed. R. App. P. 35(a)(1)……………………………………………………9

Fed. R. App. P. 35(a)(2)……………………………………………………9

Appellate Case: 11-1380     Page: 5     Date Filed: 12/22/2013 Entry ID: 4108107

**I. THE GOVERNMENT'S RESPONSE RAISES ISSUES AND QUESTIONS THAT SHOULD BE ADDRESSED AFTER FULL BRIEFING AND ARGUMENT TO THE *EN BANC* COURT.**

The government's response to Appellant's request for rehearing *en banc* raises a number of arguments that attempt to explain the differences between the panel's opinion in this case and the conflicting authority both in this and other Circuits. As discussed below, Appellant believes that those arguments are not persuasive. But the arguments and issues raised by the government underscore the importance of the issues before this Court and the need to explain the differing treatment of similar issues. Whatever the merits of the government's response, these arguments and issues should be addressed only after full briefing and argument to the *en banc* Court.

**A. The Conflict in This Court's Cases.**

The government concedes that this Court has created two lines of cases addressing the relationship between structural error and *Strickland*[1] prejudice. In *McGurk v. Stenberg*, 163 F. 3d 470 (8th Cir. 1998), and *Miller v. Dormire*, 310 F. 3d 600 (8th Cir. 2002), this Court held that when counsel's deficient performance caused a structural error, prejudice would be presumed. In *Young v. Bowersox*, 161 F. 3d 1159 (8th Cir. 1998), *United States v. Kehoe*, 712 F. 3d 1251 (8th Cir.

---

[1]*Strickland v. Washington,* 466 U.S. 668 (1984)

1

2013), and this case, *United States v. Lee,* 715 F. 3d 215 (8th Cir. 2013) by contrast, this Court has required a defendant to show actual prejudice, even though counsel's deficient performance created structural error.

The government suggests that this differing treatment is appropriate because the cases involve different kinds of structural error. Response at 9-10. In its view, the infringement on a defendant's right to a jury trial in *McGurk* and *Miller* is different from error arising from racially discriminatory jury selection because discriminatory jury selection does not have a "fundamental impact on the integrity of factfinding. " *Id.* at 10.

The government's suggested distinction between different types of structural error has never been addressed by this Court. Whether the differing treatments of structural error by different panels of this Court can be harmonized in the manner suggested by the government raises important constitutional and jurisprudential questions that ought to be resolved. This case presents an appropriate vehicle to resolve those questions and *en banc* review is the appropriate forum for that resolution

There is no precedential support for the government's attempt to create different kinds of structural error. The United States Supreme Court has never suggested such a distinction, but has, instead, repeatedly placed *all* types of

2

structural error into a single, narrow category. *See Neder v. United States*, 527 U. S. 1, 8 (1999) (including, without differentiation, racial discrimination in selection of a grand jury, denial of a public trial, denial of self- representation, and others as examples of a "very limited class" of structural error). The government's attempt to distinguish discriminatory jury selection from other types of structural error, because the defendant was still tried by an impartial jury, Response at 10, is further undermined by the First Circuit's analysis in *Owens v. United States*, 483 F. 3d 48, 64-65 (1st Cir. 2007). In *Owens* the Court held that if trial counsel's failure to object to the closing of the courtroom constituted deficient performance, *Strickland* prejudice must be presumed. *Id.* Just as in jury discrimination cases, the fact that a defendant may have received a fair trial by an unbiased jury does not remedy the impact of a non-public trial on the structural integrity of the fact finding process. The Supreme Court has explained that structural error exists when the error "necessarily renders the trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence. " *Rivera v. Illinois*, 556 U. S. 148, 160-61 (2009). Racially discriminatory jury selection, such as in this case, falls readily into this category. *Id.* (explaining that *Batson* error is structural). *Batson* error "denies [a defendant] the protection that a trial by jury is intended to secure." *Batson v. Kentucky*, 476 U. S. 79, 86 (1986). Moreover, such error impacts the very integrity

3

of our jury trial system as it "undermines public confidence in the fairness of the system." *Id.* at 87. The government's attempt to distinguish the impact of discrimination in jury selection with other types of error affecting the right to trial by jury is inconsistent with the fundamental purpose behind *Batson* and its progeny.

Indeed, the government concedes that the *Young* line of cases, including the panel's opinion in this case, may be problematic in its treatment of structural error. Response at 7, n. 5. The government suggests that the "panel may want to revise its opinion to reflect this nuance." *Id.* But simple revision is not going to assist this Court in developing a consistent analysis of *Strickland* prejudice and structural error. While the government urges this Court to forego *en banc* review in this regard, its recognition of the importance of the questions and its suggestion that the panel's opinion be revised demonstrate that such review is necessary and appropriate.

## B. Conflict With Other Circuits.

The Supreme Court has not addressed the question of prejudice when counsel's deficient performance creates structural error, and as explained in the Petition for Rehearing, the Courts of Appeals are split. A recent Note acknowledges this split, and urges the courts to try to address the important

4

questions raised. Amy Knight Burns, *Insurmountable Obstacles: Structural Errors, Procedural Default, and Ineffective Assistance,* 64 Stan L. Rev. 727 (2012). *See also United States v. Withers*, 638 F. 3d 1067 (9th Cir. 2011) (noting that the Circuits are split on whether *Strickland* prejudiced can be presumed where counsel's deficiency has caused structural error). Burns' Note provides a detailed explanation of the Circuit split, including the differing views in this Circuit regarding *Batson* error, *id.* at 757, and laments that the Courts have not examined these important question "with any clarity. " *Id.* at 753. This case provides this Court with the opportunity to grapple with the questions and provide that much needed clarity.

The government seeks to discount the Circuit split by separating out structural error created by racially discriminatory jury selection from other kinds of structural error. Response at 12-13. However, as discussed above, this attempt to subdivide categories of structural error is not supported by any precedent and raises questions that should be fully briefed and argued. Moreover, the government acknowledges, as did the panel, that as to the specific issue of defense counsel's discrimination in jury selection, the panel's decision is in conflict with the Seventh Circuit's opinion in *Winston v. Boatwright*, 649 F. 3d 618, 632 (7th Cir. 2011). Response at 12.

The government seeks to minimize the degree of conflict, *id.* at 13-14 , but the *Winston* Court could not have been clearer on this question:

> Deliberately choosing to engage in conduct that the Supreme Court has unequivocally banned is both professionally irresponsible and well below the standard expected of competent counsel . . . Intentionally violating the Constitution by discriminating against jurors on account of their sex is not consistent with, or reasonable under, "prevailing professional norms. " . . .

*Id.* , 715 F. 3d at 630-31. Analyzing *Vasquez v. Hillary*, 474 U. S. 254 (1986), and other cases concerning structural error, the Court held that prejudice is to be presumed when counsel's deficiency causes the *Batson* error:

> Prejudice, in other words, is automatically present when the selection of a petit jury has been infected with a violation of *Batson* or *J. E. B.*

*Id.* at 632. [2]

Whether this Court should be persuaded to adopt the reasoning in *Winston* regarding intentional race discrimination in jury selection, and whether this Court should accept the government's invitation to delineate different types of structural error, are important questions that deserve full briefing and argument. [3] *Reargument En Banc* should be granted.

---

[2]The panel's opinion is also in conflict with the result in *United States v. Huey*, 76 F.3d 638 (5th Cir. 1996) (granting a new trial to defendant whose lawyer engaged in racially discriminatory jury selection).

[3]In the same vein, the government argues that the panel was obligated to follow, and properly apply, *Young*. Response at 6-7. The fact that the panel felt bound by *Young* and, thus, did not independently review the merits of Appellant's arguments that prejudice should be

6

### C. Whether The Case Should Be Remanded to Provide Appellant the Chance to Prove Actual Prejudice.

Appellant has alternatively requested rehearing because the panel never addressed his contention that, should a prejudice determination be required, he is entitled to a hearing to prove his claim. The government's response to Appellant's alternative argument further reveals why rehearing is necessary.

The government spends the bulk of its response urging that a prejudice determination is necessary where a structural error is considered as part of an ineffective assistance of counsel claim. But the government simultaneously argues that a hearing is not needed because any evidence Appellant might offer to prove prejudice would be either unnecessary, speculative, or irrelevant. Response at 11. Under the government's view, proving prejudice for this undisputed constitutional error is both required and impossible. The end result is that the intentional race discrimination present in this case is completely without remedy. This represents an untenable situation that strikes at the foundation of a fair and reliable judicial process, which this Court should not countenance.

Contrary to the government's argument, Appellant's claim that he is, at a minimum, entitled to a hearing to prove prejudice is not waived. Prior to its

---

presumed, further underscores the need for the *en banc* Court to resolve the inconsistencies between its own and other Courts of Appeals' decisions, and provide a unifying analysis to these important constitutional questions.

7

Appellate Case: 11-1380     Page: 12     Date Filed: 12/22/2013 Entry ID: 4108107

Response in this Court, the government had never argued that Appellant was required to prove actual prejudice on this claim of structural error.[4]  Given the government's new line of defense on appeal, Appellant properly raised this argument for the first time in his Reply Brief.  *See*, *e. g.* , *Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.* , 408 F. 3d 410, 421 n. 5 (8th Cir. 2005) (the Court "does not consider issues first raised in a Reply Brief unless the appellant gives some reason for failing to raise and brief the issue in his opening brief").  The fact that the government did not argue that Appellant needed to make an actual showing of prejudice until its own brief on appeal made Appellant's Reply Brief the appropriate vehicle for raising this argument. [5]

---

[4] As for earlier pleadings in which the government addressed this claim: In its Answer to the Motion to Vacate in the district court, the government discussed only deficient performance. *U.S. v. Lee,* No. 4:97-cr-243-GTE (E.D. Ark) [Doc. 1126 at 48-49]; and, in its Response to Appellant's request for a certificate of appealability (which the government conceded on this claim), the government stated only that "Lee cannot show that he is entitled to relief on the basis of this claim," and did not address the structural error issue. Entry ID 3851678.

[5] It is also worth noting that, before the district court, Appellant repeatedly requested a hearing on any claim or averment in his Motion to Vacate which the government contested. *See, e.g., U.S. v. Lee,* No. 4:97-cr-243-GTE (E.D. Ark) [Doc. 1118 at 1, 42]; [Doc. 1134 at 1, 3, 6-7, 51]; [Doc. 1151 at 6-8].

Appellate Case: 11-1380   Page: 13   Date Filed: 12/22/2013 Entry ID: 4108107

# CONCLUSION

Appellant respectfully contends that rehearing *en banc* is warranted pursuant to Fed. R. App. P. 35 (a)(1) and Fed. R. App. P. 35 (a)(2), not only because the panel opinion conflicts with panel decisions of this Court, and the authoritative decisions of other United States Courts of Appeals on the question of whether prejudice must be presumed when defense counsel's ineffectiveness results in *Batson* error; *but also*, because the split within the Eighth Circuit on this issue has now been explained by the government upon a basis which this Court has never addressed, let alone adopted. If there is a reason to treat different types of structural error in different ways – an issue of first impression – then this Court should make that determination, after resubmission and rehearing.

Appellant respectfully requests that the Court grant rehearing *en banc*.

Respectfully Submitted:

EDSON BOSTIC
FEDERAL DEFENDER
DISTRICT OF DELAWARE

By:    */s/Karl Schwartz*_____
       KARL SCHWARTZ (PA Bar # 38994)
       JENNIFER MERRIGAN (Mo. Bar # 56733)
       800 King Street, Suite 200
       Wilmington, DE 19801
       (302) 442-6550
       karl_schwartz@fd.org

Dated: December 22, 2013    *Attorneys for Appellant*

Appellate Case: 11-1380   Page: 14   Date Filed: 12/22/2013 Entry ID: 4108107